Irene FOREMAN, Appellant,

v.

Luther GRAHAM, Jr., Appellee.

No. 6564.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 13, 1962.

Rehearing Denied Jan. 9, 1963.

Johnson & Hartel, Liberty, for appellant.

W. G. Woods, Jr., Liberty, for appellee.

STEPHENSON, Justice.

Plaintiff brought this action for debt based upon loans made to the defendant on numerous occasions, from January 9, 1951, to October 22, 1955. None of the transactions were in writing. Plaintiff alleged the following:

"Defendant was to have the use of said money for an indefinite period of time during which he could improve his business and financial condition, which was poor at the time of the said loans, but that said money would in certainty become due, and become due only, upon Plaintiff's express demand and notice for said repayment; that by the express terms of the said contract and agreement of the parties, and as an integral part of Plaintiff's cause of action upon Defendant's obligation to pay, and as a condition precedent to the right of Plaintiff to bring suit thereon against Defendant, said money loaned to Defendant by Plaintiff was not to become due until express notice and demand for the same

was expressly and definitely made and served by Plaintiff upon Defendant."

Plaintiff further alleged she first made demand for payment August 1, 1956. This suit was filed July 1, 1958. Plaintiff also alleged that she and defendant had been married and divorced, and at the time of making the loans they were dating and anticipated remarriage, and that a relationship of confidence and trust existed between them. Defendant filed and urged a special exception to plaintiff's petition, pleading the two year statute of limitation. The trial court sustained this special exception and rendered judgment for defendant. The sole question to determine in this case is when the statute of limitation began to run.

The general rule is, when money is payable on demand it is payable immediately, and no demand is necessary to start the running of the statute of limitation. Cook's Admr's v. Cook, 19 Tex. 434. However, if a demand is an integral part of a cause of action, or a condition precedent to the right to sue, the statute does not begin to run until a demand is made, unless demand is waived or is unreasonably delayed. 37 Tex.Jur.2d, Sec. 59, page 180. West Texas Utilities Co. v. Ellis, Tex.Civ. App., 102 S.W.2d 234.. (Reversed on other grounds).

No cases have been cited to this court passing upon the precise factual situation in this case. The parties to a contract should be permitted to make an agreement that the money loaned was not to become due until a demand was made, thereby making a demand a condition precedent to the accrual of the cause of action. Such demand must be made within a reasonable time, which depends upon the circumstances of each case, and ordinarily is a question of fact for the jury. In the absence of mitigating circumstances, a time coincident with the running of the statute will be deemed reasonable, and if the demand is not made within that period the action will

be barred. Aetna Casualty & Surety Co. v. State, Tex.Civ.App., 86 S.W.2d 826; 37 Tex.Jur.2d, Sec. 61, page 183.

Plaintiff's petition shows many of the loans were made in 1951, the first being more than five years before the date plaintiff alleged she made demand August 1, 1956. Also, some of the loans were made after August 1, 1954 which would be less than two years before the date plaintiff alleged she made demand. The trial court should apply the rules of law above set forth to determine first, whether the demand was made within a reasonable time from the date of each loan, and also whether there were mitigating circumstances to justify the delay in making the demand as applied to all loans made before August 1, 1954.

The judgment of the trial court is reversed and remanded for trial.