**J. C. DUNN et al., Appellants,**

**v.**

**RELIANCE LIFE & ACCIDENT INSUR-
ANCE COMPANY OF AMER-
ICA, Appellee.**

**No. 215.**

Court of Civil Appeals of Texas.
Corpus Christi.

June 9, 1966.

Rehearing Denied Aug. 1, 1966.

Joel W. Ellis, Harlingen, for appellants.

Lefkowitz, Green, Ginsberg, Eads & Gilmore, by Jerry C. Gilmore, Dallas, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered for appellee, defendant below, that appellant, plaintiff below, take nothing.

The judgment is necessarily based upon a holding that appellant's suit is barred by the Texas four-year statute of limitations (Art. 5529, Vernon's Ann.Civ.St.). The correctness of that holding presents the controlling question.

Appellant's petition was filed herein on August 20, 1964. He sought judgment requiring appellee to re-convey to him a real estate note dated July 31, 1956, executed by Louis Davis, et ux, in the original principal amount of $8,750.00, secured by lien on real estate located in Harlingen, Cameron County, Texas, payable in monthly installments of $75.00 each. In 1957 appellant assigned the Davis note to Insur O Medic Life Insurance Company, which company was later merged with appellee, and received a credit of $5,000.00 on indebtedness then owing by him. Although the written assignment executed by appellant was unqualified, he alleges that the true agreement with Insur O Medic was that a collateral assignment was made, so that after $5,000.00 was paid on the Davis note, it would then be reconveyed to appellant who would be entitled to collect the remaining amount owing, provided appellant was not then otherwise indebted to Insur O Medic. Appellant alleges that a mutual mistake was made in 1957, not in connection with the agreement actually made but in incorrectly evidencing it by an outright assignment of the note, when only a collateral assignment was proper. Appellant's theory of recovery is that his cause of action did not accrue and he did not have a matured right to demand return of the Davis note until the above conditions precedent were met in January, 1964, and that the statute of limitations did not begin to run until then. Alternatively, appellant sought recovery against appellee for payment of usurious interest and for exemplary damages. Under our disposition of the case it will be unnecessary to pass upon appellant's alternative causes of action.

The summary judgment evidence herein consists of the deposition of Luther Fisher, an official of Insur O Medic, at the time of the 1957 transaction with appellant, the deposition of appellant, appellee's answers to appellant's requests for admissions and copies of certain 1957 letters and records. That evidence supports appellant's position that the 1957 assignment was for the purpose of collateral only; that Insur O Medic and appellee, its successor, did not have outright title to the Davis note; and that Insur O Medic had agreed to reconvey the note to appellant when $5,000.00 had been paid on it, provided appellant was not otherwise indebted to it. In view of this, we will hereafter refer to such facts as constituting the "alleged agreement" of the parties.

Appellee contends that appellant's cause of action is barred by the four-year statute of limitations, Art. 5529, V.A.C.S., because appellant discovered as early as Oc-

tober 6, 1959, that appellee, who had then taken over Insur O Medic, took the position that appellant did not have any further interest in the Davis note. When appellant was so advised he talked to officials of appellee in Dallas. He refused to accept the repudiation and immediately executed and recorded a correction assignment in which he described the original assignment as a collateral one and claimed the right to have the Davis note returned to him after $5,000.00 had been paid on it to appellee. The correction assignment was dated April 23, 1957, the same as the original assignment, but was acknowledged on October 5, 1959. Copies of the corrected assignment were furnished to appellee. Rights of third persons are not here involved.

The precise question presented is whether the statute of limitations began to run in October, 1959, when appellee committed an anticipatory breach of the alleged agreement, or when the conditions precedent to appellant's recovery of the Davis note were fulfilled in January, 1964.

■ The applicable rules will be briefly stated. Limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action. Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802 (1940); Warnecke v. Broad, 138 Tex. 631, 161 S.W.2d 453 (1942); Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S.W. 926, 148 S.W. 283, 150 S.W. 884, 152 S.W. 629. Where some condition precedent to the right of action exists, the cause of action does not accrue and the statute of limitations does not begin to run until the condition is performed. Bowers v. Bowers, 99 S.W.2d 334 (Tex.Civ.App.1936, wr. dism.); Ewing v. Schultz, 220 S.W. 625 (Tex.Civ.

App.1920, wr. ref.); Skeeters v. Granger, 314 S.W.2d 364 (Tex.Civ.App.1958, wr. ref., n. r. e.). Where anticipatory breach of a contract is committed prior to maturity such action does not ipso facto mature the contract, but gives the other party an option to accept the repudiation and to sue for breach of contract, on the one hand, or, to refuse to accept the same and hold the contract open until the time for performance arrives. Slaughter v. Roark, 244 S.W.2d 698 (Tex.Civ.App.1951, wr. ref., n. r. e.); Main v. Hopkins, 229 S.W.2d 820 (Tex.Civ.App.1950, n. w. h.); 37 Tex. Jur.2d, Limitations, Sec. 85, pp. 229–230.

■ Under the alleged agreement relied on by appellant and supported by the summary judgment evidence, his cause of action for return of the Davis note could not accrue until two conditions precedent were fulfilled, i. e., payment of $5,000.00 on the Davis note and the absence of other indebtedness owing by appellant to appellee. It is undisputed that these conditions were satisfied for the first time in January, 1964. When appellee repudiated the alleged agreement in 1959, neither of these conditions precedent had been met. Appellant could not have then required appellee to return the Davis note to him because the facts did not exist which were essential to his cause of action. We therefore hold that in the absence of appellant's acceptance of appellee's 1959 repudiation of the alleged agreement (amounting to anticipatory breach of contract) the statute of limitations did not begin to run on appellant's cause of action until January, 1964. His suit was filed shortly thereafter, and, therefore, is not barred as a matter of law under his theory of recovery.

■ Appellant is entitled to a trial on the genuine issues of material fact shown to be present by the record in this case, particularly concerning the issues as to whether, from all evidence, the true agreement of the parties was that the 1957 assignment was for collateral to secure appellant's debt, and that Insur O Medic

agreed to reconvey the Davis note to appellant when $5,000.00 had been paid on it and appellant was not otherwise indebted to that company or its successor. If appellant succeeds in establishing those issues in his favor, his suit will not be barred because of the 1959 repudiation, amounting to anticipatory breach by appellee, who, at best, stands in the shoes of Insur O Medic as to the true agreement made in 1957.

The summary judgment is reversed and the cause is remanded for trial.