**Nat Aboumrad GABRIEL, Appellant,**

v.

**Walid ALHABBAL and Mosallem Alhabbal, Appellees.**

No. 18011.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 18, 1981.

Rehearing Denied July 23, 1981.

J. Leonard Gotsdiner and Ranseler O. Wyatt, Houston, for appellant.

Boude E. Storey, II, John D. Wittenmyer-Conway, Storey & Wittenmyer, Houston, for appellees.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This is an appeal from a take nothing judgment rendered in a suit to recover the balance due on two promissory notes. The issue to be determined is the date upon which the Statute of Limitations begins to run on a promissory note payable in monthly installments, the first installment due upon demand.

After this cause was called for trial, Walid Alhabbal and his brother Mosallem Alhabbal, appellees, presented to the court what was denominated as being a motion for a judgment on the pleadings. The trial court sustained this motion and entered a judgment which recited:

> The court, after reviewing the pleadings, considering the authorities submitted and listening to arguments of counsel, is of the opinion that there is no genuine issue of fact involved about the limitation question in this case and that defendant's (sic) motion for a judgment on the pleadings, which was presented in open court before trial, should be granted.

The appellant states in his brief that he does not contend that the court should be precluded from sustaining a motion for judgment on the pleadings, but asserts that the court erred in sustaining the motion in this case because fact issues were presented. We will consider the appeal as if the trial court had sustained a special exception on the ground that the plaintiff's petition shows on its face that the cause of action asserted was barred by the four year Statute of Limitation, Article 5527, Tex.Rev. Civ.Stat.Ann. (Vernon 1980).

Gabriel, hereinafter referred to as appellant or plaintiff, brought suit against Walid and Mosallem Alhabbal, hereinafter styled defendants or appellees, alleging that the defendants executed two notes, one dated November 25, 1973, in the sum of $6,000 and another dated November 27, 1973, in the sum of $20,000. The two notes were identical with the exception of the date, the principal sum, and the rate of interest. The first note executed by the Alhabbal brothers reads as follows:

November 25, 1973

$6,000

For Value Received, the undersigned, Walid Alhabbal and Mosallem Albabbal (hereinafter called borrower) jointly and severally, hereby promises to pay to the order of Nat Aboumrad Gabriel, the principal sum of $6,000.00 Six Thousand and no/100 dollars, together with interest thereon from date hereof until maturity at the rate of Ten per cent (10%) per annum on the unpaid principal, payable as stipulated herein.

This Note Is Due And Payable As Follows, to-wit:

In successive monthly installments of $100.00 One Hundred Dollars each, including principal and interest, the first installment due and payable on demand of Nat Aboumrad Gabriel.

It is understood that the borrower may make full payment of principal and accrued interest at any time without penalty.

In his original petition the plaintiff alleged that he demanded payment of the installments due on the two notes in November of 1974. In an instrument entitled "Plaintiff's Answer To Defendants' Motion For Instructed Verdict" the plaintiff alleged that "the uncontradicted evidence" reflects that following the execution of the notes, the defendants made several payments on each of said notes, the last payment being made in June of 1974. In this same instrument it is stated that the plaintiff demanded payment of the notes in November of 1974.

Article 5527, Texas Revised Civil Statutes Annotated (Vernon Supp.1980) provides:

> There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court, of the following description:
>
> 1. Actions for debt.

■ Since this suit is based upon two promissory notes, it is an action upon a debt within the meaning of Article 5527, supra. *Inwood National Bank of Dallas v. Hoppe*, 596 S.W.2d 183 (Tex.Civ.App.-Texarkana, 1980, writ ref. n. r. e.).

A promissory note in which no time for payment is stated is payable on demand. Tex.Bus. & Comm.Code Ann. § 3.108 (Vernon 1968).

The two notes at issue in this case provide for payment in specified installments, the first installment to become due on demand. A case involving an installment note is *Davis v. Dennis*, 448 S.W.2d 495 (Tex.Civ.App.-Tyler 1969, no writ). In *Davis* the court was considering a note which provided that the interest would be payable biweekly and further provided: "this note is payable in seventy-eight (78) installments of thirty-eight dollars and forty-six cents

($38.46) each." Id. at 496. The note did not specifically state the date upon which the first installment would become due. The note was dated March 25, 1961, and the trial court found the first payment to be due on or before April 10, 1961, apparently because of the provision for the biweekly payment of the interest. Citing § 3.108, supra, the appellate court held that where no time for payment is stated in a note, it becomes a demand note and was actionable immediately without demand. It further held that the provision for biweekly interest payments did not make the note payable at a fixed time and that the provision for payment of the note in seventy-eight installments did not effect the demand character of the note because there was no maturity date or dates or fixed time of payment of any installment. It then held that the four year Statute of Limitation would begin to run from the date of its execution or delivery of the note since it was payable on demand. The note did not provide that the first installment would be payable on demand. It came within a provision of § 3.108, supra, as being a note in which no time for payment was stated.

■ As a general rule of contract law where a demand is an integral part of a cause of action, or a condition precedent to the right to sue, the Statute of Limitation does not begin to run until a demand is made, unless the demand is waived or unreasonably delayed. A cause of action does not accrue until facts exist which authorize the claimant to seek relief in a court of competent jurisdiction from the person due to make reparation. *Godde v. Wood*, 509 S.W.2d 435 (Tex.Civ.App.-Corpus Christi 1974, writ ref'd n. r. e.); *Condor Petroleum Co. v. Greene*, 164 S.W.2d 713 (Tex.Civ. App.-Eastland 1942, writ ref'd w. o. m.).

In a case involving loans not evidenced by writings the court recognized the general rule that money payable upon demand is payable immediately and no demand is necessary to start the running of the Statute of Limitations. However, the court also recognized the general rule applicable where demand is an integral part of a cause

of action, or a condition precedent to the right to sue. The court stated that parties to a contract should be permitted to make an agreement that the money loaned was not to become due until a demand was made, thereby making a demand a condition precedent to the accrual of the cause of action. It held that the demand must be made within a reasonable time, which depends upon the circumstances of each case, and ordinarily is a question of fact for the jury. The court further stated that in the absence of mitigating circumstances, a time coincident with the running of the Statute will be deemed reasonable, and if the demand is not made within that period the action will be barred. *Foreman v. Graham*, 363 S.W.2d 371 (Tex.Civ.App.-Beaumont 1962, no writ); *Dunn v. Reliance Life and Accident Insurance Company of America*, 405 S.W.2d 389 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd n. r. e.).

In *McCorkle v. Hamilton*, 150 S.W.2d 439 (Tex.Civ.App.-Fort Worth 1941, writ ref'd) the plaintiff entered into a contract with Lloyds America whereby she agreed to become one of the insurance underwriters of the company. In connection with this contract she executed a promissory note in the sum of $3,500 payable on demand to the attorneys in fact for the insurance company. Subsequently she sued to set aside the note, and the deed of trust securing same, and the receivor for the insurance company brought a cross action for recovery on the note. The plaintiff entered a plea of limitation in answer to the cross action. The court reviewed the note in the light of the contract and determined that the note executed would not become due until the condition arose making it necessary to call upon the maker to pay. It stated that under such a contract, the note being one payable on demand, the holder of the note was obliged to make a demand within a reasonable time after the condition arose necessitating payment of the note.

■■ A check issued in part payment of a promissory note neither interrupts the running of limitation on the debt, nor acknowledges the justness of the debt with an implicit promise to pay it. *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894 (Tex.Civ. App.-Amarillo 1975, writ ref'd n. r. e.). When recovery is sought on a note or other obligation payable in installments the Statute of Limitations runs against each installment from the time it becomes due; that is, from the time when action might be brought to recover it. *Goldfield v. Kassoff*, 470 S.W.2d 216 (Tex.Civ.App.-Houston [14th Dist.] 1971, no writ).

■ The agreement of the parties to this suit reflected by the language of the promissory note is that the borrower would pay interest to the plaintiff from the date of the note "until maturity" at the rate of 10% per annum on the unpaid principal. This indicates that the parties had in mind that a period of time would elapse between the date of the note and the maturity of the note on which interest would accrue. The note would be paid, both principal and interest, in "successive" monthly installments and the first installment would be payable on demand. The note also provided that the borrower could make full payment at any time without penalty. This last clause meets the objections raised in some courts that a note payable on demand of the lender could be continued in existence indefinitely at the option of the lender to the detriment of the borrower. There is no reason why the intention of the parties should not be enforced in a suit between them.

■ While the note evidences the intention of the parties that it should not be payable until after demand is made on the borrower for payment, it has been held that the filing of suit constitutes such a demand. Even though the parties intended that some period of time intervene between the date of the note and the date of demand, the plaintiff had a right to file suit to recover the first installment of $100 as provided in the note on the date the note was executed. The note contained no provision for acceleration on default. The date for the payment of the first installment on the note is settled as a matter of law as being the date of execution of the note. Installments would thereafter become due at monthly intervals.

This suit was filed on June 2, 1978. Only those installments of principal and interest which were more than four years past due on that date are barred by the Statute of Limitation.

The trial court erred in determining that a judgment for defendants was required as a matter of law. The defensive plea of limitations was not established on the face of the pleadings. Therefore, the judgment is reversed and the cause remanded.