United States Court of Appeals,

Fifth Circuit.

No. 94-20186.

UNITED STATES of America, Plaintiff,

v.

FIRST CITY CAPITAL CORP., Defendant.

U.S. SMALL BUSINESS ADMINISTRATION as Receiver for First City
Capital Corp., Plaintiff-Appellee,

v.

BARRON CONSTRUCTION COMPANY, Bert I. Barron and Brent Barron, et
al., Defendants,

Brent J. Barron, Defendant-Appellant.

May 31, 1995.

Appeal from the United States District Court for the Southern
District of Texas.

Before WISDOM, JONES and EMILIO M. GARZA, Circuit Judges.

WISDOM, Circuit Judge:

In this case, the plaintiff/appellee the Small Business
Administration ("SBA"), as receiver, sought to enforce a guarantee
agreement against the defendant/appellant Brent J. Barron almost
ten years after the maturity date of the underlying debt. The
district court granted summary judgment in favor of the SBA. The
court found that language in the guarantee agreement made a demand
for payment a condition precedent to suit on the guarantee
agreement, and that, therefore, the applicable statute of
limitations did not begin to run until a demand was made. Because
we find that the demand for payment was unreasonably delayed, we
conclude that any action to enforce the guarantee agreement is
barred under Texas law. Accordingly, we REVERSE and RENDER.

On December 28, 1978, the Small Business Investment Company of Houston, a Texas company that later changed its name to First City Capital Corporation ("lender"), and Barron Construction Company, a Texas corporation ("borrower"), executed a written agreement for a loan of $50,000 for working capital (the "loan agreement"). Section II-A of the loan agreement specified that the loan would be evidenced by a promissory note attached as Exhibit "A" to the loan agreement. The loan agreement specified that this promissory note would be in the principal sum of $50,000 bearing interest at 14 percent with the interest being paid in monthly installments beginning February 10, 1979, and continuing monthly thereafter "until paid in full". The loan agreement further specified that the principal would be due and payable in monthly installments of $892.85 each, with the first installment being due and payable on July 10, 1979, and on the tenth day of each month thereafter "until July 10, 1983 at which time the entire remaining balance owing on said note will be due and payable". The loan agreement further specified that the promissory note "shall be guaranteed in its payment, unconditionally and without reservation, jointly and severally by all the principals of borrower", and that "this [l]oan [a]greement is to be construed in accordance with the laws of the State of Texas".

On the same date, the borrower executed and delivered a promissory note in the amount of $50,000 (the "note"). The note contains the same provisions as the loan agreement except that the

note does not contain any language specifying that the entire remaining balance will be due and payable on July 10, 1983. The note does expressly state that it shall be governed by Texas law and that it was executed pursuant to the loan agreement of the same date.

Also, on the same date, a separate agreement was signed by Bert I. Barron and Brent J. Barron (the "guarantee agreement"). In the opening paragraph of the guarantee agreement, the lender is identified by name, the borrower is identified by name, and the principal amount of the note guaranteed is specified as $50,000. The guarantee agreement further provides that the note being guaranteed "is attached hereto as Exhibit "A' and made a part hereof for all purposes".

The lender's records reflect that the borrower never made monthly installments of interest and principal as specified in the note. The borrower made payments in various amounts at varying intervals until December 22, 1983, when the last payment was made. After these payments were applied, there was an outstanding balance on the note in the principal amount of $27,752. Neither the borrower nor any guarantor made any payments on the note after December 22, 1983, and there is no evidence in the record of any ratification, renewal, or extension agreement relating to the note.

On April 7, 1988, the United States of America, as plaintiff, filed suit in federal district court under 15 U.S.C. § 687 against the lender, First City Capital Corp., alleging (1) that the lender violated various regulations issued by the Small Business

3

Administration ("SBA") under the Small Business Investment Act, 15 U.S.C. § 661 *et seq.* (the "Act"); (2) that the lender was in default on certain subordinated debentures which were guaranteed by the SBA; (3) that the lender's license and franchise under the Act should be forfeited; and (4) that the SBA should be appointed as "permanent receiver of First City for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this court, and pursuing all causes of action available to First City against third parties".

On the same day, a stipulation of settlement was filed between the United States and the lender, and an order was entered by the district court granting the relief sought in the original complaint. Some 15 months later, on July 31, 1989, the SBA, as receiver of the lender, sent a letter by certified mail to Brent J. Barron demanding payment of the principal balance of the note in the amount of $27,750 and an additional sum of about $95,000 of accrued interest thereon. There is nothing in the record to indicate Brent J. Barron responded to this demand letter.

Three years and eight months later, on April 9, 1993, the plaintiff SBA, as receiver, filed a complaint in district court against Barron Construction Co., Bert I. Barron and Brent J. Barron, as an ancillary proceeding to the original civil action under which the SBA was appointed receiver. There was no service of process served on Barron Construction Co. or Bert I. Barron. The defendant Brent J. Barron was served and filed his answer on

4

May 3, 1993.  Subsequently, both parties filed motions for summary judgment.

In its motion for summary judgment, the SBA argued that the applicable statute of limitations had not run against Barron's obligation on the guarantee agreement.  The SBA argued that the guarantee agreement contained a provision which made a demand for payment a condition precedent to bringing suit on the guarantee agreement.  The SBA contends that, because of this condition precedent, the applicable statute of limitations did not start to run until the demand letter of July 31, 1989 was received.  In making this contention, the SBA relies on the following language in the Guarantee Agreement:

> If the promissory note above described shall become due and remain unpaid, in whole or in part, the Guarantors, jointly and severally, will, on demand (and without further notice of dishonor, and without any notice having been given to the Guarantors previous to such demands, of the acceptance by the lender of this guaranty) pay to the Lender its successors or assigns, at its office in Harris County, Texas, the full amount due and owing on said promissory note ... (underline added).

Barron, in his motion for summary judgment, argued that the above language did not make a demand a condition precedent to suit, and therefore, the applicable statute of limitations began to run on July 10, 1983, the date the note was due and payable.  Barron, alternatively, argued that, even if a demand was a condition precedent to suit on the guarantee agreement, the action was barred under Texas law because the demand for payment was unreasonably delayed.

The district court denied Barron's motion for summary

5

judgment.  The court found that the language in question made a demand a condition precedent to suit on the guarantee agreement, and that, therefore, the statute of limitations began running on July 31, 1989, the date the demand was made.  The district court, however, made no finding regarding whether the demand had been made within a reasonable time.  The district court then granted the SBA's motion for summary judgment and awarded the SBA $62,919, the original $27,752 plus accrued interest.  Barron appeals the district court's decision.

## II.

We review the district court's denial of summary judgment de novo.[1]  In this case, we need not decide the issue whether the language in the guarantee agreement is sufficient under Texas law to create a condition precedent to suit on the guarantee agreement. We find that, even if the above language makes a demand a condition precedent to suit, the demand was unreasonably delayed, and, therefore, under Texas law any action on the guarantee agreement is barred.

Texas Law is the determinative law.  All of the documents were executed and delivered in Texas between corporations organized under the laws of Texas and doing business in Texas.  The loan agreement and the note expressly made Texas law applicable, and the loan agreement had a copy of the note attached thereto as Exhibit "A" and incorporated therein for all purposes.  Accordingly, the

---

[1]*Berry v. Armstrong Rubber Co.,* 989 F.2d 822, 824 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994).

applicable statute of limitations is Texas's four year statute of limitations.[2]

In determining the reasonableness of a demand for payment on the guarantee agreement under Texas law, the maturity date of the underlying note is important. As indicated previously, the note in this case states no final maturity date, but the loan agreement specified that on July 10, 1983, "the entire remaining balance owing on said note will be due and payable". On what date then was the note due and payable? Under Texas law, when a guarantee agreement is issued in connection with a promissory note, which is attached to and made part of the guarantee agreement pursuant to a loan agreement calling for the issuance of such documents, a Texas court would construe all three documents together and utilize portions of one document to explain and clarify any ambiguities which may exist in another document.[3] Because the note had no final maturity date, we think that a Texas court faced with resolving the ambiguity between the two instruments would construe the language of the loan agreement as controlling and recognize that the parties intended that all unpaid principal would become due and owing on July 10, 1983. It is apparent, therefore, that the note was due and payable on July 10, 1983, the final maturity date in the loan agreement.

As a general rule of contract law, where a demand is a

---

[2]Tex.Civ.Prac. & Rem.Code § 16.004(a)(3).

[3]*Neal v. Hardee's Food Systems, Inc.,* 918 F.2d 34, 37 (5th Cir.1990).

condition precedent to bringing suit on a guarantee agreement, the statute of limitation does not begin to run until a demand is made. The demand, however, must be made within a reasonable time.

> Where a demand is a condition precedent to suit, the plaintiff may not, by failing or refusing to perform the condition, toll the running of the statute and reserve to himself the right to sue within the statutory period from such time as he decides to make a demand. On the contrary, it is the general rule that in such a case a demand must be made within a reasonable time after it may lawfully be made.[4]

In this case, the demand for payment on the guarantee agreement could have been made any time, within a reasonable time, after July 10, 1983. The demand did not come until July 31, 1989. Under Texas law, where a demand is a condition precedent to suit on a guarantee agreement, the demand must be made within a period coincident with the statute of limitations on the underlying note.[5] In this case, we have concluded the note was due and payable on July 10, 1983. The applicable four year statute of limitations for suit on the note therefore ran until July 10, 1987. Under Texas law, this coincident four year statute of limitations established the reasonable period of time in which a demand for payment could have been made on the guarantee agreement. Because the demand was not made within this reasonable period of time, any action on the guarantee agreement is barred under Texas law. Accordingly, we

---

[4]*Aetna Casualty & Surety Co. v. State,* 86 S.W.2d 826, 831 (Tex.Civ.App.—Fort Worth 1935, writ dism'd).

[5]*Gabriel v. Alhabbal,* 618 S.W.2d 894 (Tex.Civ.App.—Houston [1st Dist.] 1981 writ ref'd n.r.e.); *Foreman v. Graham,* 363 S.W.2d 371 (Tex.Civ.App.—Beaumont 1962, no writ); *Dunn v. Reliance Life and Accident Insurance Company of America,* 405 S.W.2d 389 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

VACATE the final order of the district court in favor of SBA as receiver, and REVERSE the decision of the district court denying summary judgment in favor of Brent Barron, and we now RENDER judgment that the SBA as receiver take nothing against the defendant Brent Barron.

EMILIO M. GARZA, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority opinion except its holding that:

> Under Texas law, this coincident four year statute of limitations established the reasonable period of time in which a demand for payment could have been made on the guarantee agreement. Because the demand was not made within this reasonable period of time, any action on the guarantee agreement is barred under Texas law.

Maj. op. at ----. The majority misconstrues the issue: This is not a question of limitations, but rather the reasonableness of the delay in making a demand for payment.

Under Texas law:

> [The] demand must be made within a reasonable time, which depends upon the circumstances of each case, and ordinarily is a question of fact for the jury. In the absence of mitigating circumstances, a time coincident with the running of the statute will be deemed reasonable, and if the demand is not made within that period the action will be barred.

*Foreman v. Graham,* 363 S.W.2d 371, 372 (Tex.Civ.App.—Beaumont 1962, no writ).[1]

---

[1] *See also Martin v. Ford,* 853 S.W.2d 680, 682 (Tex.App.—Texarkana 1993, writ denied); *Cummins & Walker Oil Co. v. Smith,* 814 S.W.2d 884, 886-87 (Tex.App.—San Antonio 1991, no writ); *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Gabriel v. Alhabbal,* 618 S.W.2d 894, 896 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Dunn v. Reliance Life & Accident Ins. Co.,* 405 S.W.2d 389, 391 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

The district court decided this case on cross-motions for summary judgment. To support a finding that the SBA's demand "was not made within [a] reasonable period of time," maj. op. at ----, and in order to implicate the four-year statute of limitations *as a matter of law,* Barron had to make at least a preliminary showing that there is no genuine issue of material fact on the "absence of mitigating circumstances." Barron submitted no evidence on this issue. Accordingly, the question of reasonableness remains a question of fact for the jury to decide, and I respectfully dissent.