EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion except its holding that:
Under Texas law, this coincident four year statute of limitations established the reasonable period of time in which a demand for payment could have been made on the guarantee agreement. Because the demand was not made within this reasonable period of time, any action on the guarantee agreement is barred under Texas law.
Maj. op. supra. The majority misconstrues the issue: This is not a question of limitations, but rather the reasonableness of the delay in making a demand for payment. Under Texas law:
[The] demand must be made within a reasonable time, which depends upon the circumstances of each case, and ordinarily is a question of fact for the jury. In the absence of mitigating circumstances, a time coincident with the running of the statute will be deemed reasonable, and if the demand is not made within that period the action will be barred.
Foreman v. Graham, 363 S.W.2d 371, 372 (Tex.Civ.App. — Beaumont 1962, no writ).[1]
The district court decided this case on cross-motions for summary judgment. To support a finding that the SBA’s demand “was not made within [a] reasonable period of time,” maj. op. at 116, and in order to implicate the four-year statute of limitations as a matter of law, Barron had to make at least a preliminary showing that there is no genuine issue of material fact on the “absence of mitigating circumstances.” Barron submitted no evidence on this issue. Accordingly, the question of reasonableness remains a question of fact for the jury to decide, and I respectfully dissent.

. See also Martin v. Ford, 853 S.W.2d 680, 682 (Tex.App. — Texarkana 1993, writ denied); Cummins & Walker Oil Co. v. Smith, 814 S.W.2d 884, 886-87 (Tex.App. — San Antonio 1991, no writ); Intermedics, Inc. v. Grady, 683 S.W.2d 842, 845 (Tex.App. — Houston [1st Dist.] 1985, writ ref'd n.r.e.); Gabriel v. Alhabbal, 618 S.W.2d 894, 896 (Tex.Civ.App. — Houston [1st Dist.] 1981, writ ref'd n.r.e.); Dunn v. Reliance Life & Accident Ins. Co., 405 S.W.2d 389, 391 (Tex.Civ.App.— Corpus Christi 1966, writ ref'd n.r.e.).