United States Court of Appeals,

Fifth Circuit.

No. 95-20025.

Scott W. SZABO, Plaintiff-Appellant,

v.

King ERRISSON, et al., Defendants-Appellees.

Nov. 10, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff Scott W. Szabo appeals the district court's grant of the defendants' motion for summary judgment, and the court's denial of his motion for partial summary judgment. We reverse in part, affirm in part, and remand for further proceedings.

I

Szabo, a musician and songwriter, composed an original music composition titled "Man v. Man." Szabo then filed a single copyright registration with the United States Copyright Office for a collection of his songs titled "Scott Szabo's Songs of 1991."[1]

--------

[1] *See* 37 C.F.R. § 202.3(b)(3)(i)(B) (providing for copyrights of unpublished works as a "collection"). A collection or collective work is defined as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. A collection is also a "compilation" for copyright purposes. *See id.* ("A "compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of

Although "Man v. Man" was not specifically listed on the registration, it was on the tape of "Scott Szabo's Songs of 1991" that Szabo deposited with the Copyright Office pursuant to his registration.

A year later, King Errisson, a recording artist and musician, recorded his version of "Man v. Man," which he titled "Man." Errisson filed a copyright application for "Man," and the song was then manufactured and distributed by Ichiban Records, Inc. ("Ichiban").

Szabo filed suit against defendants Errisson, Nassau Music, Inc., d/b/a Erisong Records, d/b/a Koson's Music (collectively referred to as "Errisson"), and Ichiban, asserting that Errisson had infringed upon his copyright and that Ichiban was vicariously liable for Errisson's acts. Szabo moved for partial summary judgment on the issue of liability, asserting that there was no genuine issue of material fact because Errisson admitted that he

authorship. The term "compilation' includes collective works."); *Heyman v. Salle,* 743 F.Supp. 190, 192 (S.D.N.Y.1989) ("Those compilations which consist of contributions which themselves constitute "works' capable of copyright are called collective works.").

Section 202.3(b)(3)(i)(B) also provides that multiple unpublished works will be considered a "collection" if: "(1) The elements are assembled in an orderly form;  (2) the combined elements bear a single title identifying the collection as a whole;  (3) the copyright claimant in all of the elements, and in the collection as a whole, is the same; and (4) all of the elements are by the same author."  37 C.F.R. § 202.3(b)(3)(i)(B).  "Scott Szabo's Songs of 1991" satisfies these requirements because it was assembled in an orderly form with a single title identifying the collection as a whole, and Szabo is the sole author and copyright claimant of the individual songs in the collection.

had met Szabo, thus establishing that he had the opportunity to copy Szabo's song, that his song, "Man," was a derivative of "Man v. Man," and that the songs were substantially similar. The district court denied Szabo's motion.

Errisson and Ichiban then filed a motion for summary judgment, contending that Szabo could not maintain a copyright infringement suit because he had never copyrighted the specific song, "Man v. Man." They asserted that Szabo had only copyrighted the collection titled "Scott Szabo's Songs of 1991," and that the copyright did not extend to "Man v. Man" because it was not specifically listed on the copyright registration. The district court granted Errisson and Ichiban's motion for summary judgment and dismissed the case with prejudice.

II

Szabo appeals both the district court's grant of summary judgment in Errisson and Ichiban's favor, and the court's denial of his request for partial summary judgment on the issue of liability. Szabo contends (1) that Errisson and Ichiban's motion for summary judgment should have been denied because "Man v. Man" is copyrighted as part of the "collection" copyrighted as "Scott Szabo's Songs of 1991," and (2) that he is entitled to partial summary judgment on the issue of liability because Errisson admitted that he had access to "Man v. Man," that "Man" is a derivative of "Man v. Man," and that the two works are substantially similar.

We review a district court's grant or denial of summary

3

judgment *de novo.* *Matagorda County v. Russell Law,* 19 F.3d 215, 217 (5th Cir.1994); *United States v. First City Capital Corp.,* 53 F.3d 112, 115 (5th Cir.1995). "Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Matagorda County,* 19 F.3d at 217 (quoting FED.R.CIV.P. 56(c)). We must review the record to ensure that no genuine issue of material fact remains, drawing all inferences in the favor of the nonmoving party. *Id.* (quoting *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)). "If the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

A

To establish a claim for copyright infringement, a plaintiff must prove (1) that he owns a valid copyright and (2) that the alleged infringer copies his copyrighted material.[2] *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 387 (5th Cir.1984). The first issue before us is whether a copyright of a "collection" of individual songs, whose titles are not individually listed on the copyright registration, extends copyright protection to the

---

[2]"Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1340 (5th Cir.1994) (citation omitted).

collection as a whole *and* to the individual songs, or just to the collection as a whole. The district court held that because the individual songs were not specifically listed on the copyright registration, the copyright only protected the collection as a whole and granted summary judgment against Szabo. We disagree, and hold that a copyright of a collection of unpublished works protects the individual works that are copyrightable,[3] regardless of whether they are individually listed on the copyright certificate.

The language of the Copyright Act, the regulations issued pursuant to it, and a circular published by the Copyright Office are instructive, though not definitive, in answering this issue of first impression. Section 202.3(b)(3)(i)(B) of Title 37 provides that multiple unpublished works may be registered as a collection if the works meet certain requirements.[4] This section provides that "[r]egistration of an unpublished "collection' extends to each copyrightable element in the collection." Section 103 of the Copyright Act provides that "[t]he copyright in a compilation or derivative work *extends* only *to the material contributed by the author of such work.*" (emphasis added). Circular 56, published by the Copyright Office to explain the process for registering sound

---

[3]Section 102 of the Copyright Act provides that copyright protection is available for "original works of authorship" including literary, musical, dramatic and other types of works. 17 U.S.C. § 102(a). However one cannot copyright an "idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b).

[4]*See* supra note 1.

recordings, provides that "[a]lthough registration for an unpublished collection covers all the selections, only the collection title will appear in the catalog of copyright registrations; the individual titles are not indexed." These sections make it clear that the copyright of a collection can protect the individual components of the collection. But they do not answer the question of whether the individual components must be specifically listed on the copyright registration to qualify for such protection.

The cases addressing this issue hold that when one copyrights a collection, the copyright extends to each individual work in the collection even though the names of each work are not expressly listed in the copyright registration. One district court was presented a fact situation almost identical to this case. *See Sylvestre v. Oswald,* 1993 WL 179101 (S.D.N.Y. May 18, 1993). In *Sylvestre,* the plaintiffs had a copyright for a collection of songs titled "Cherry Bomb." They brought a copyright infringement action alleging that the defendants had infringed their copyright on "Heaven," one of the songs in the "Cherry Bomb" collection. Although "Heaven" was not specifically listed on the plaintiff's copyright registration, it was on the "Cherry Bomb" tape that the plaintiffs deposited with their application for registration. *Id.* at *1. The defendants argued that the copyright for "Cherry Bomb" did not protect "Heaven," since "Heaven" was not specifically listed on the copyright registration. The district court held that the title "Cherry Bomb" extended registration to "Heaven" because

6

"Heaven" was part of a collection of unpublished works. *Id.* at *2. The district court found that the plaintiffs had met the requirements in § 202.3(b)(3)(i)(B) of Title 37 for registering unpublished works as a collection and in light of the "lenient nature of the registration requirements," concluded that registering the collection was sufficient to copyright the individual songs as well as the collection as a whole. *Id.*

In a similar case, the Third Circuit held that if the individual items contributed by the author of a collection or compilation are copyrightable, then the registration of the compilation or collection also protects the individual items. *See Educational Testing Services v. Katzman,* 793 F.2d 533, 539 (3d Cir.1986). Educational Testing Services ("ETS") is the author and administrator of testing programs such as the Scholastic Aptitude Test. ETS registers its tests for copyright under "secure test" registration which "suspends the requirement to deposit copies of the work, and requires instead that registrants of secure tests need only deposit a sufficient portion or a description of the test sufficient to identify it." *Id.* at 538 (citing 37 C.F.R. § 202.20(c)(2)(vi)). Under this procedure, the Copyright Office examined the tests and then returned them to ETS, leaving only the front and back covers of the tests on deposit. Citing section 103(b) of the Copyright Act,[5] the court found that the statute is

---

[5]Section 103(b) of the Copyright Act states that "[t]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work." 17 U.S.C. § 103(b).

premised on the idea that "the copyright in a compilation extends to the constituent material contributed by the author"; therefore, ETS's individual questions, of which the tests were comprised, were protected by the copyright of the tests. *Id.* at 539. The fact that the individual test questions were neither listed on the copyright registration nor on permanent deposit with the Copyright Office did not affect their copyright status.

Applying the holding of *Educational Testing Services,* another court has held that photographs in a copyrighted book which were taken by the author of the book were protected as an original work contributed by the author and part of a copyrighted work. *See Heyman v. Salle,* 743 F.Supp. 190, 193 (S.D.N.Y.1989).

In light of the statutory language and the preceding cases, we hold that the individual songs included in the collection "Scott Szabo's Songs of 1991" are protected by the copyright of the collection as a whole. It is irrelevant to its copyright status that "Man v. Man" was not specifically listed on the copyright registration for "Scott Szabo's Songs of 1991." Because we have concluded that "Man v. Man" was copyrighted, Errisson and Ichiban are not entitled to judgment as a matter of law. Therefore, we reverse the district court's grant of summary judgment in their favor.

B

Szabo further claims he is entitled to partial summary judgment on Errisson and Ichiban's liability for copying his copyrighted material. To prove actionable copying, the plaintiff

8

first must establish that the "alleged infringer actually used the copyrighted material to create his own work." *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1340 (5th Cir.1994). This aspect of copying, known as factual copying, can usually be inferred from proof that the alleged infringer had access to the copyrighted material and that the two works are probatively similar. *Id.* Second, the plaintiff must establish actionable copying, that is the substantial similarity of two works. *Id.* at 1340-41.

Errisson's affidavit in opposition to Szabo's motion for partial summary judgment admits that he had met Szabo and that he had created his own version of "Man v. Man." However, the affidavit also states that Szabo told Errisson that he would not have recognized Errisson's song titled "Man" as being derivative of his song "Man v. Man" had he not known that it was. Drawing the inferences in the light most favorable to the non-moving party, we find that a genuine issue of material fact remains as to whether "Man v. Man" and "Man" are substantially similar works. Therefore, we affirm the denial of Szabo's motion for partial summary judgment and remand for further proceedings.

III

For the foregoing reasons, we REVERSE in part, AFFIRM in part, and REMAND for further proceedings.