# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00607-CV

**Kenneth M. Hardin, Appellant**

**v.**

**Joseph Lella, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-14-006415, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the Travis County Court at Law in a suit on a promissory note. We will affirm the judgment.

Appellee Joseph Lella sued appellant Kenneth M. Hardin on a promissory note. In his amended petition, Lella sought unpaid principal and interest accrued since January 1, 2012. Hardin's primary defense was limitations. After hearing, the court rendered summary judgment for Lella for $48,826.98 in principal, interest, costs, and attorney's fees.

The summary-judgment evidence showed that on September 5, 1996, Hardin and his then business partner, Richard Crawford, executed a $30,000 promissory note payable to Lella. The note was made in the names of their business, "Americus Diamond, and individually" "each as princip[al], jointly and severally." The purpose of the loan was for the use of Hardin and Crawford in their business.

The note provides as follows:

PROMISSORY NOTE

FOR VALUE RECEIVED.  The undersigned, Americus Diamond of Austin, Texas, Richard A. Crawford and Kenneth M. Hardin, each as princip[al], jointly and severally, promise to pay to the order of:  Joseph Lella the sum of thirty thousand & 00/100 dollars ($30,000.00—U.S.) with interest thereon from the date of the execution of this NOTE at the rate of 10% per annum as follows:

1.  The initial loan shall be for a minimum period of six months, thereafter payment of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing, sixty days prior to expected date of receipt thereof, to the undersigned at the address herein below.
2.  Principal and interest are guaranteed by the assets of Americus Diamond of Austin, Texas and the personal assets of Richard A. Crawford and Kenneth M. Hardin.
3.  The purpose of this NOTE is to finance the inventory of Americus Diamond.  The total amount of outstanding NOTES will not exceed the total value of the inventory of Americus Diamond of Austin, Texas.

The note bore 10% interest and had no due date.  Instead, it was to run for a minimum initial period of six months, after which time both the principal and unpaid interest became due sixty days after written demand.

For reasons of his own, Lella requested Hardin and Crawford to make the interest payments to his wife, Elisabeth Lella.  Between November 1996 and July 2003, interest payments at the rate of 10% were made on a more or less regular basis.

In April, 2003, Hardin wrote Lella that effective July 1, 2003, the interest rate would be lowered to 7%.  Hardin and Crawford then forwarded a promissory note, signed by both, in the names of "Americus Diamond, and individually" "each as princip[al], jointly and severally" in the amount of $30,000 payable to Elisabeth Lella at 7% interest.  The note also recited that it "replaces

2

and invalidates all previous NOTES between Americus Diamond and Elisabeth Lella." (There had never been any notes "between Americus Diamond and Elisabeth Lella.")

In 2006, Hardin sold his interest in the business to Crawford. Crawford wrote to inform the Lellas of the sale and, at the same time, forwarded yet another promissory note made to Elisabeth Lella, which he alone had signed. This note had the same terms as the 2003 note, except that the rate of interest was 8%.

Starting in 2003, the partial interest payments (those calculated at lower rates than the promised 10%) were made semi-annually on a more or less regular basis. The stated reason for Lella not making a formal demand for full interest payment was that he wanted to help Crawford succeed in the business because Crawford was married to Lella's niece.

No interest payments were made after February 23, 2012, which was for the six month period ending December 31, 2011. Sometime later Crawford filed for bankruptcy.

In February 2013, Lella served written demand on Hardin for payment of all amounts owing under the promissory note of September 5, 1996.

Hardin argues that Lella's claims were barred by the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(3) (suit on a debt). His first argument is that the note was in default when interest payments were made to Elisabeth, Lella's wife, instead of to Lella. Hardin claimed, therefore, that limitations began to run from the date of the first interest payment to her. Hardin cites no supporting authority for this argument, and we know of none. In our opinion, Lella was at liberty to direct interest payments be made to his wife or others without placing the note in default.

3

Hardin next claims that Lella failed to make demand for payment within a "reasonable time." When money is payable on demand, it is payable immediately, and no demand is necessary to begin the running of the statute of limitations. *Cook's Adm'rs v. Cook*, 19 Tex. 434, 435 (1857). However, if a demand is an integral part of the cause of action, or a condition precedent to sue, the statute does not begin to run until demand is made unless the demand is waived or is unreasonably delayed. *See Barnes v. LPP Mortg., Ltd.*, 358 S.W.3d 301, 307 (Tex. App.—Dallas 2011, pet. denied); *Foreman v. Graham*, 363 S.W.2d 371, 372 (Tex. Civ. App.—Beaumont 1962, no writ). What is a reasonable time for delay is ordinarily a question of fact. However, in the absence of mitigating circumstances, a time coincident with the running of the statute of limitations will be deemed reasonable, and if the demand is not made within that period the cause of action will be barred. *See Barnes*, 358 S.W.3d at 307 (citing *Foreman*, 363 S.W.2d at 372).

Lella served demand for payment of the note on February 20, 2013, a period of about seven months after the date the semi-annual payment of interest was due but not made, a time well within the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (setting four-year limitations period for suit on debt). Accordingly, Lella's demand is deemed reasonable as a matter of law. *See Barnes*, 358 S.W.3d at 307 (citing *Foreman*, 363 S.W.2d at 372).

On the day of trial, over Lella's objection, the court allowed Hardin to file amended pleadings asserting novation but refused to allow him to file supporting summary-judgment proof. Hardin asserts that the court abused its discretion in excluding the tendered proof. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) ("Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion.").

4

During the discovery period, Lella served upon Hardin a request for disclosure pursuant to Tex. R. Civ. P. 194.1, requesting disclosure of his defensive legal theories and, in general, the factual bases for those defenses. Hardin responded to the disclosure request as follows:

> **RESPONSE**: Defendant would refer Plaintiff to its most recent pleadings on file herein, its responses to any and all discovery requests herein including, but not limited to, requests for disclosure, requests for production and inspection of documents and tangible things, requests and motions for entry upon and examination of real property, interrogatories to a party, requests for admission, oral or written depositions; and motions for mental or physical examinations, all of which are incorporated herein the same as if fully copied and set forth at length.
>
> The Plaintiff's claims are barred by limitation, waiver and/or laches.

Upon reading Hardin's quoted Response, not even one schooled in divining Delphic mysteries could conclude that Hardin would plead novation, nor could one determine what the supporting proof might be. It was not an abuse of discretion to exclude the tendered proof.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Chief Justice Rose, Justices Goodwin and Shannon*

Affirmed

Filed: November 4, 2015

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5