# NO. 12-17-00116-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ZELENA BARBAY, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| *MARY MCCARTY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF STANLEY WILLIAM TARABA, APPELLEE* | § | *COUNTY COURT AT LAW NO. 1* |
| | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Zelena Barbay brought suit against her father's estate for breach of a family settlement agreement. The trial court granted summary judgment for the estate based upon the estate's plea of limitations. In one issue, Zelena contends the trial court erred in granting summary judgment. The only question presented is when the statute of limitations began to run. We reverse and remand.

## BACKGROUND

Doris Delea Taraba, the wife of Stanley William Taraba, died on September 21, 1976. Zelena and her brother, Randal William Taraba, are the children of Doris and Stanley. On March 27, 1986, Zelena and Randal entered into a family settlement agreement with Stanley. As part of the agreement, the children conveyed to Stanley all their interest in the property owned by Doris at the time of her death including, but not limited to, her community interest in the house and lot located at Foxcrest, Carrollton, Dallas County, Texas. In consideration therefore, Stanley agreed to convey by will, at his death, a one-half interest in the house and lot in Carrollton to Randal and Zelena.

On June 5, 1997, Stanley sold the house. Zelena became aware of the sale in 1997. Stanley died in September 2015. Mary McCarty Taraba was appointed executrix of Stanley's estate. Apparently, Stanley's will contained no devise of the Carrollton house to Randal and Zelena as agreed to in the family settlement agreement. Nor was there a devise or bequest to them of the proceeds from the sale of the house. Zelena filed an unsecured claim against the estate for a one-half interest in the house and lot in Carrollton, which was promptly denied.

On November 1, 2016, Zelena brought suit for Stanley's breach of the family settlement agreement. Mary moved for summary judgment contending that Zelena's claim was barred by the four year statute of limitations. The trial court granted Mary's motion. This appeal followed.

## LIMITATION

Zelena maintains that the four year statute of limitations did not begin to run until Stanley's 2015 death, the time for performance specified in the agreement. Mary insists that the statute commenced to run in 1997 when Zelena learned the house had been sold.

### Standard of Review

A summary judgment is reviewed de novo. *See Nixon v. Mr. Property Mgmt. Co*., 690 S.W.2d 546, 548-49 (Tex. 1985); *see also Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Appellate courts review summary judgments following these familiar and well-established standards: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. *Grinnell*, 951 S.W.2d at 425. A trial court should grant a defendant's motion for summary judgment if the defendant establishes all the elements of an affirmative defense as a matter of law. *Id*.

### Applicable Law

"Causes of actions accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). When a cause of action accrues is normally a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A cause of action for breach of contract generally accrues when the contract is breached and

limitations begin to run at the time of the breach. *See Cosgrove v. Cade*, 468 S.W.3d 32, 39 (Tex. 2015). The limitation period for a cause of action for breach of contract is four years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002); *see also Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).

However, Texas law recognizes the doctrine of anticipatory breach of contract. *Murray v. Crest Const., Inc*., 900 S.W.2d 342, 344 (Tex. 1995). An anticipatory breach of contract is one committed before there is a present duty of performance, and results from words or conduct indicating an absolute intention to refuse performance in the future without just excuse. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004). Under Texas law, the doctrine of anticipatory breach is not restricted to those cases where the contract is still fully executory on both sides. *Id*.

Repudiation of a contract does not, standing alone, mature the contract but gives the other party the option to accept the repudiation and sue for breach of contract or to hold the contract open until the time for performance arrives. *Ingersoll-Rand Co., v. Valero Energy Corp*., 997 S.W.2d 203, 211 (Tex. 1999); *Pagosa Oil & Gas v. Marrs & Smith*, 323 S.W.3d 203, 216 (Tex. App.—El Paso 2010, pet. denied); *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 638 (Tex. App.—Tyler 2004, no pet.); *Dunn v. Reliance Life & Accident Ins. Co*., 405 S.W.2d 389, 391 (Tex. Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.). Limitations may begin to run upon a promisor's anticipatory repudiation only if the repudiation is accepted or acted upon by the non-repudiating party. *Ingersoll-Rand*, 997 S.W.2d at 211.

**Discussion**

Stanley's sale of the Carrollton house in 1997 was an act rendering him unable or apparently unable to convey the house to his children by will as he had promised in the family settlement agreement. The sale of the house was an absolute repudiation by Stanley of that agreement. It was conduct stronger than words indicating unequivocally that he was not going to perform in the future according to the contract's terms. Therefore, the sale of the house constituted an anticipatory breach of the family settlement agreement. *See Gonzalez*, 394 F.3d at 394.

A repudiation by one party before the time for his performance does not, *ipso facto*, constitute a breach of the contract or have the effect of terminating it. *See Ingersoll-Rand*, 999 S.W.2d at 211. Stanley's anticipatory repudiation of his promised future performance under the agreement presented the non-repudiating party, his daughter Zelena, with two alternatives. She

had the option to treat her father's repudiation as a breach and bring suit, or she could ignore the repudiation and await the time for Stanley's performance specified in the agreement (by will at his death). *See id*.

Zelena learned of the sale of the Carrollton house soon after it was sold. The record does not show that she or Randel acted upon Stanley's repudiation. Instead, they apparently chose to ignore it, and to hold the contract open until the time for performance agreed upon. *See id*.

In the absence of any evidence that Zelena accepted or acted upon Stanley's anticipatory repudiation, we conclude that the four year statute did not begin to run until Stanley's death in 2015, the time specified for his performance in the agreement. *See id*. Therefore, Zelena's lawsuit was not barred by the statute of limitations and the trial court erred in granting Mary's motion for summary judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004; *see also Grinnell*, 951 S.W2d at 425. We sustain Zelena's sole issue.

## DISPOSITION

Because the trial court erred by granting summary judgment, we ***reverse*** the judgment and ***remand*** the cause to the trial court for further proceedings consistent with this opinion.

**BILL BASS**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 20, 2017

NO. 12-17-00116-CV

**ZELENA BARBAY,**
Appellant
V.
**MARY MCCARTY, INDIVIDUALLY AND AS EXECUTRIX
OF THE ESTATE OF STANLEY WILLIAM TARABA,**
Appellee

---

Appeal from the County Court at Law No. 1

of Henderson County, Texas (Tr.Ct.No. 00375-CCL-16)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** and that all costs of this appeal are hereby adjudged against the Appellee, **MARY MCCARTY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF STANLEY WILLIAM TARABA,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*