ACCEPTED
03-14-00607-CV
4718189
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/31/2015 5:00:08 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00607-cv

IN THE COURT OF APPEALS FOR
THE THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/31/2015 5:00:08 PM
JEFFREY D. KYLE
Clerk

KENNETH M. HARDIN,
*Appellant*

vs.

JOSEPH LELLA,
*Appellee*

## BRIEF OF APPELLANT KENNETH M. HARDIN

On appeal from the County Court at Law No. 2 of Travis County, Texas
Cause No. C-1-CV-14-006415
Honorable Eric Shepperd, Judge Presiding

Mark L. Aschermann
SBN 01368700
BARRON & NEWBURGER, PC
6300 West Loop South, Suite 341
Bellaire, Texas 77401
Telephone (713) 942-0808
Facsimile (713) 942-0449
maschermann@bn-lawyers.com

*ATTORNEYS FOR APPELLANT*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment as well as the name and addresses of trial counsel and appellate counsel, in accordance with Rule 38.1 of the Texas Rules of Appellate Procedure.

## APPELLANT

Appellant Kenneth M. Hardin's trial and appellate counsel is Mark L. Aschermann, BARRON & NEWBURGER, PC, 6300 West Loop South, Suite 341, Bellaire, Texas 77401. Telephone (713) 942-0808, Facsimile (713) 942-0449. E-mail maschermann@bn-lawyers.com

## APPELLEE

Appellee Joseph Lella's trial and appellate counsel is William M. Nichols, WILLIAM M. NICHOLS, P.C., 9601 McAllister Freeway, Suite 1250, San Antonio, Texas 78216-5150. Telephone (210) 340-8880, Facsimile (210) 340-8885. E-mail william@wmnlawsa.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . .   2

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . 9

IV. ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V. SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VI. ARGUMENT AND AUTHORITIES

    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

    1. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims are barred by limitations .  16

    2. The trial court erred in granting the Motion for Summary Judgment because a fact issue exists as to whether Joseph Lella unreasonably delayed in making demand for payment of the First Promissory Note . 16

    3. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    4. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note creates a fact issue on the novation element of consent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

    5. The trial court erred in granting the Motion for Summary Judgment because the Trial Court abused its discretion by excluding Hardin's evidence of the affirmative defenses of novation, modification and ratification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

6. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for unjust enrichment and quantum meruit are barred by the existence of an express contract. . . . 31

7. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claim for declaratory judgment is duplicative of the above issues and the trial court made no specific declaration in the Final Judgment.. . . . . . . . . . . . . . . . . . . . . . . . . . 32

VII. CONCLUSION AND REQUEST FOR RELIEF. . . . . . . . . . . . . . . . . . . . . 36

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# INDEX OF AUTHORITIES

**Cases**

*801 Nolana, Inc. v. RTC Mortgage Trust*, 944 S.W.2d 751, 754 (Tex. App.—Corpus Christi 1997, writ denied).......................................................................30

*Allstate Ins. Co. v. Clarke*, 471 S.W.2d 901, 907 (Tex. Civ. App.--Houston [1st Dist.] 1971, writ ref'd n.r.e.).............................................................24

*Aurora Petroleum, Inc. v. Newton,* 287 S.W.3d 373, (Tex. App. Amarillo 2009)..33

*Barnes v. LPP Mortg., Ltd.,* 358 S.W.3d 301, 303 (Tex. App. Dallas 2011)..........20

*Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ......................................30

*Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 424 (1953) ..............24

*Crego v. Lash*, 2014 Tex. App. 3272 (Tex. App.—Corpus Christi, 2014, no pet.) 18

*CTTI Priesmeyer v. K & O Ltd. Partnership*, 164 S.W.3d 675, 680-681 (Tex. App.--Austin 2005, no pet.).............................................................. 23, 24, 25

*Dunn v. Reliance Life and Accident Insurance Company of America,* 405 S.W. 2d 389 (Tex.Civ. App.-Corpus Christi 1966, writ ref'd n.r.e.) .................................19

*Foreman v. Graham,* 363 S.W.2d 371 (Tex.Civ.App.-Beaumont 1962, no writ)...19

*Fortune Production Co. v. Conoco, Inc.* 52 S.W. 3d 671, 683-685 (Tex. 2000) ..13, 32

*Fulcrum Central v. Autotester, Inc.,* 102 S.W.3d 274, 277 (Tex. App.--Dallas 2003, no pet.)..........................................................................................23

*Gabriel v. Alhabbal*, 618 S.W.2d 894, 896 (Tex. Civ. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.).............................................................................19

*Goodyear Tire and Rubber Co., v. Mayes*, 236 S.W.3d 754, 756-757 (Tex. 2007)16

*Hartman v. Hartman*, 135 Tex. 596, 599, 138 S.W.2d 802, 803 (1940).................19

*Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex. 1995)......15

*In re Laibe Corp.,* 307 S.W.3d 314 (Tex. 2010)....................................................18

*Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.)..............................................................................19

*Joiner v. Elrod*, 716 S.W.2d 606, 609 (Tex. App.- Corpus Christi 1986, no pet.)..21

*Lede v. Aycock,* 630 S.W.2d 669, 673 (Tex. App.--Houston [14th Dist.] 1981, writ ref'd n.r.e.) ..................................................................................................35

*Life Ins. Co. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381-82 (Tex. 1978)......................30

*Martin v. Ford*, 853 S.W.2d 680, 682 (Tex. App. Texarkana 1993).......................20

*Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984) .................................31

*Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex. 1990)..................................18

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)................18

*National Family Care Life Ins. v. Fletcher*, 57 SW3d 662, 668 (Tex. App. – Beaumont 2001, pet denied) ...................................................................... 27, 28

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985) ................15

*Pace Corp. v. Jackson*, 284 S.W.2d 340, 350 (1955)............................................35

*Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79-80 (Tex. 1989) ................15

*Scalise v. McCallum*, 700 S.W.2d 682, 684 (Tex. App.--Dallas 1985, writ ref'd n.r.e) ..................................................................................................................23

*Vandeventer v. All American Life & Casualty Co.,* 101 S.W.3d 703, 712 (Tex. App.--Fort Worth 2003, no pet.) .................................................................. 23, 25

*Vickery v. Vickery*, 999 S.W.2d 342, 356, (Tex. 1999) ..........................................23

*Wiman v. Tomaszewicz,* 877 S.W.2d 1, 5 (Tex. App. Dallas 1994) ................. 18, 20

*Woodward v Southwest States, Inc.* 384 S.W. 2d 674, 675 (Tex. 1964) .......... 14, 32

## Rules

Tex. R. CIV. P. 194.2(c) ..........................................................................................27

## Statutes

*Tex. Civ. Prac. Rem. Code* §16.003 .......................................................................32
*Tex. Civ. Prac. Rem. Code* §16.004 ................................................................. 16, 18
*Tex. Civ. Prac. Rem. Code* §37.003(b) .................................................................33
*Tex. Civ. Prac. Rem. Code* §37.006(a) .................................................................34

# I. STATEMENT OF FACTS

This is an appeal of a Summary Judgment granted by the trial court in favor of the Appellee Joseph Lella, who filed suit to collect upon a Promissory Note issued originally by Kenneth M. Hardin, together with his then business partner Richard A. Crawford.  He did not file suit against Crawford.

On September 5, 1996, Appellant Kenneth Hardin and his partner Richard Crawford borrowed $30,000.00 at 10% per annum interest from Appellee Joseph Lella.  The transaction was documented with a Promissory Note. (C.R. 50).  The promissory note stated:

> The initial loan shall be for a minimum period of six months, thereafter paymant [sic] of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing prior to the expected date of receipt thereof, to the undersigned at the address herein below.

On July 1, 2003, Hardin and Crawford signed a new Promissory Note payable to Lella's wife, Elizabeth Lella, at the reduced  interest rate of 7% per annum. (C.R. 52-53)  This Second Promissory Note appears to recognize the payment of the interest to Elisabeth Lella since at least 1999. (C.R. 85)  On July 20, 2006, Richard Crawford, who had purchased Hardin's interest in the Americus Diamonds business, issued a Third Promissory Note to Elisabeth Lella and raised the interest rate to 8% per annum.  (C.R. 55)  These are referred to as the First, Second, and Third Promissory Notes.

Crawford sent a letter to Lella with the new Third Promissory Note explaining that he had purchased Hardin's interest in the business. (C.R. 54) Hardin did not sign the Third Promissory Note. Crawford, through his business, Americus Diamonds, paid the interest as obligated by the Third Promissory Note (C.R. 130-136) and Elizabeth Lella accepted the payments. No payments were attributed to principal reduction. Richard Crawford defaulted on the payment of the Third Promissory Note to Elisabeth Lella as of January 1, 2012, leading to the underlying lawsuit at hand. (C.R. 56-57) Joseph Lella has made no demand and makes no claim for recovery under the Second Promissory Note or the Third Promissory Note.

On May 9, 2013, Joseph Lella filed suit in the Travis County Court at Law under cause number C-1-CV-13-04334 ("the Original Suit"), seeking enforcement of the First Promissory Note. Kenneth M. Hardin, as Defendant, filed his Original Answer and Third Party Complaint on September 13, 2013, naming Vivian Crawford as Third Party Defendant and seeking indemnity from Vivian Crawford, the wife of Richard A. Crawford, with regard to the Lella obligation. A Motion for Summary Judgment was filed by Lella as Plaintiff, and was ultimately granted on June 26, 2014 by the Honorable Eric Sheppard, awarding Lella $36,521.23 plus attorneys' fees and interest. Concurrently, the trial court severed the Lella matter from the original cause, leaving Hardin's Third Party Claims against the Crawfords

8

(Richard A. Crawford having been added in the interim as another Third Party Defendant) in the original cause number, and assigning the Lella claims against Hardin, including the Summary Judgment and a subsequent Motion for New Trial filed by Hardin, to the new cause number C-1-CV-14-006415.

## II. STATEMENT OF THE CASE

Appellee Joseph Lella ("Lella") brought a suit on a Promissory Note against maker Kenneth M. Hardin ("Hardin"). Lella filed a traditional summary judgment and a no evidence summary judgment with causes of action for breach of contract, unjust enrichment and a declaratory judgment. (C.R. 31) Hardin responded to the Lella Motion for Summary Judgment with the affirmative defenses of the statute of limitations, novation and ratification. (C.R. 114) The Trial Court granted Lella's summary judgment motion. (C.R. 153) Hardin appeals that summary judgment decision.

On October 17, 2014, Hardin placed a cash deposit with the trial court in lieu of a supersedeas bond. On October 24, 2014, the trial court granted an Order suspending the enforcement of the Summary Judgment pending this appeal.

## III. STATEMENT REGARDING ORAL ARGUMENT

Appellant Hardin requests oral argument. Oral argument will assist the Court in considering the issues in this case.

# IV. ISSUES PRESENTED

1. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims are barred by limitations.

2. The trial court erred in granting the Motion for Summary Judgment because a fact issue exists as to whether Joseph Lella unreasonably delayed in making demand for payment of the First Promissory Note.

3. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note.

4. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note creates a fact issue on the novation element of consent.

5. The trial court erred in granting the Motion for Summary Judgment because the Trial Court abused its discretion by excluding Hardin's evidence of the affirmative defenses of novation, modification and ratification.

6. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for unjust enrichment and quantum meruit are barred by the existence of an express contract.

7. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claim for declaratory judgment is duplicative of the

above issues and the trial court made no specific declaration in the Final Judgment.

## V. SUMMARY OF THE ARGUMENT

**Issues Number One and Two**

**1. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims are barred by limitations.**

**2. The trial court erred in granting the Motion for Summary Judgment because a fact issue exists as to whether Joseph Lella unreasonably delayed in making demand for payment of the First Promissory Note.**

Three Promissory Notes (C.R. 50-55) are at issue in this matter, each for the principal amount of $30,000.00 plus interest. Each included the following language: *"The initial loan shall be for a minimum period of six months, thereafter paymant* [sic] *of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing, sixty days prior to expected date of receipt thereof, to the undersigned at the address herein below."* The Appellee Lella argues that his cause of action did not accrue and limitations did not begin to run until he made demand for payment of the First Promissory Note in February 2013. (C.R. 56)

Appellant Hardin argues that no interest was paid to Lella after 2003, as all interest was paid to his wife consistent with the Second and Third Promissory Notes. Accordingly, the First Promissory Note was in default, the cause of action

11

accrued, and the statute of limitations began to run in 2003. Alternatively, a fact issue precluding summary judgment exists as to the date of accrual of the cause of action related to the unreasonable delay in making demand for payment.

**Issues Number Three and Four**

**3. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note.**

**4. The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note creates a fact issue on the novation element of consent.**

In 2003 the First Promissory Note was replaced by the Second Promissory Note, which lowered the interest rate and changed the Payee to Elisabeth Lella, Appellee's wife. In 2006 Appellant Hardin sold his interest in the Americus Diamonds partnership to his partner Richard Crawford, who assumed the Elisabeth Lella obligation. Crawford created the Third Promissory Note, which raised the interest rate but made Crawford the only maker to Elisabeth Lella. The facts and circumstances of these transactions create a fact issue as to novation which precludes summary judgment.

12

**Issue Number Five**

**5. The trial court erred in granting the Motion for Summary Judgment because the trial court abused its discretion by excluding Hardin's evidence of the affirmative defenses of novation, modification and ratification.**

The Trial Court abused its discretion by improperly excluding Appellant's evidence on the novation and ratification defenses for a failure to adequately update TRCP Rule 194 Disclosure Responses. The evidence on these defenses was improperly excluded because there was no surprise or prejudice to the Appellee Lella. In fact, Lella attempted to pre-empt these defenses by offering rebuttal argument in his Motion for Summary Judgment. Additionally, Appellant Hardin properly amended his Answer (C.R. 109) to assert these defenses. The facts giving rise to the defenses were sufficiently alleged in other pleadings (C.R. 18) and discovery responses. (C.R. 63-88)

**Issue Number Six**

**6. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for unjust enrichment and quantum meruit are barred by the existence of an express contract.**

If a valid express contract covering the subject matter exists, there generally can be no recovery on a contract implied in law. In *Fortune Production Co. v. Conoco, Inc.* 52 S.W. 3d 671, 683-685 (Tex. 2000), a cause of action for unjust

enrichment was not available to recover payments in addition to the contract price agreed on by parties. The recovery on an express contract and on quantum meruit are inconsistent with each other. *Woodward v Southwest States, Inc.* 384 S.W. 2d 674, 675 (Tex. 1964). The First Promissory Note is an express contract so no recovery is available to Lella for unjust enrichment. Lella advanced the money in 1996 and received interest pursuant to the First Promissory Note through 2003. Unjust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code. *Elledge v. Friberg-Cooper Water Supply Corp.,* 240 S.W.3d 869, 871 (Tex. 2007). As noted in Issue Number One, Lella's cause of action accrued no later than January 2004. Thus, the limitations period expired in January 2006, more than 7 years before he made this claim. As a result, the trial court's summary judgment on unjust enrichment must be reversed.

## Issue Number Seven

**7. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claim for declaratory judgment is duplicative of the above issues and the trial court made no specific declaration in the Final Judgment.**

The trial court made no finding or statement in the Final Judgment that could be considered a basis for declaratory relief. Assuming the Court of Appeals

14

determines that the trial court granted declaratory relief, which is omitted from the trial court's judgment, the requested declaratory relief fails because the Court's order is not clear;  the relief requested in the Motion for Summary Judgment exceeds the pleading relief requested in the First Amended Petition;  the Appellee failed to bring all affected parties before the court, namely Elizabeth Lella; and Joseph Lella failed to meet its burden of proof on his effort to declare any novation as invalid.

## VI. ARGUMENT AND AUTHORITIES

## STANDARD OF REVIEW

If a judgment does not specify any particular grounds, the appellant must challenge each ground alleged in the motion for summary judgment. *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79-80 (Tex. 1989) However, if the judgment specifies a ground as its basis, the movant (as appellee) should present by cross-point any other grounds set out in the motion for summary judgment.

Summary judgment is proper when the movant establishes that no genuine issue of material fact exists, so that the movant is entitled to summary judgment as a matter of law.  *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex. 1995); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985). The reviewing court must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the

15

nonmovant and resolving any doubts against the motion. However, the reviewing court may not ignore undisputed evidence in the record that is favorable to the movant. *Goodyear Tire and Rubber Co., v. Mayes*, 236 S.W.3d 754, 756-757 (Tex. 2007).

**Issues Number One and Two**

**1. The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims are barred by limitations.**

**2. The trial court erred in granting the Motion for Summary Judgment because a fact issue exists as to whether Joseph Lella unreasonably delayed in making demand for payment of the First Promissory Note.**

Joseph Lella filed his Plaintiff's Original Petition on May 9, 2013. (C.R. 8) Thus, if Lella's cause of action accrued on or before May 9, 2009, Lella's claim is barred by the statute of limitations. *Tex. Civ. Prac. Rem. Code* §16.004.

The statute of limitations bars recovery by Appellant Joseph Lella because the First Promissory Note has been in default since 2003, when the interest payments on the Second Promissory Note were sent to Elisabeth Lella at the lower interest rate.

Lella complained about this in his demand letter saying:

Disregarding the unpaid interest accrued through December 31, 2003 by failure to compound monthly as required, for the sake of simplicity

16

only I calculate that, with accrued unpaid interest, compounded monthly at the rate of 10% per annum beginning January 1, 2004, the amount now owed on Exhibit "A" is $42,972.90.

Lella Demand letter (C.R. 56).

As noted by Lella's attorney, the interest paid to Elisabeth Lella is consistent with the 7% interest rate on the Second Promissory Note (C.R. 53) and the 8% interest rate on the Third Promissory Note (C.R. 55). Even if this money is considered to have been paid to Joseph Lella, it would be a default of the 10% interest rate under the First Promissory Note.

More importantly, NO payments have been made to Joseph Lella since 2003, and perhaps as long ago as 1999 (C.R. 85), as the interest payments were made to his wife Elisabeth. (C.R. 53-56, 85, 130-136) Accordingly, the First Promissory Note has been in default since the first interest installment to Elisabeth Lella after July 1, 2004. This default triggers the cause of action, which starts the beginning of the limitations period.

Appellant's Answer properly raised the statute of limitations as a defense. (C.R. 16, 109). In his Response to the Motion for Summary Judgment, Appellant designated the date that the cause of action accrued as a disputed issue of fact precluding summary judgment. (C.R. 116).

Lella argues that the First Promissory Note is a demand note for which no cause of action accrues until demand is made, i.e. the demand letter. (C.R. 56-57)

17

However, this argument means that a contractual obligation with a demand feature could survive decades or more in default, tolling the limitations period until a demand is made. This position is in conflict with the principle that parties may not sleep on their rights. *In re Laibe Corp.,* 307 S.W.3d 314 (Tex. 2010).

The statute of limitations begins to run on a demand note on the date of its making unless demand is a condition precedent to filing suit on the note. *Crego v. Lash*, 2014 Tex. App. 3272 (Tex. App.—Corpus Christi, 2014, no pet.). The note in this case provided that payment could be demanded at any time after six months from execution. The First Note did not make demand a condition precedent for its enforcement. Rather, the language with regard to the "expected date of receipt thereof" indicates that demand was a mere courtesy so that the maker could plan for when the payment would be due.

In *Wiman v. Tomaszewicz,* 877 S.W.2d 1, 5 (Tex. App. Dallas 1994) the court stated:

> Section 16.004(a)(3) of the Texas Civil Practices and Remedies Code provides that a person must bring suit on a debt, such as Wiman's suit against Tomaszewicz on the guaranty, no later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (a)(3) (Vernon 1986). The question of when a cause of action accrues is a question of law for the court to decide. *Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex. 1990). A cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990); *Hartman v.*

18

*Hartman*, 135 Tex. 596, 599, 138 S.W.2d 802, 803 (1940). If demand is an integral part of a cause of action or a condition precedent to the right to sue, the statute of limitations does not begin to run until demand is made, ***unless the demand is waived or unreasonably delayed***. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Gabriel v. Alhabbal*, 618 S.W.2d 894, 896 (Tex. Civ. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.).
*Wiman*, supra, at 5. (emphasis added).

In *Gabriel v. Alhabbal*, 618 S.W.2d 894, 896-897 (Tex. Civ. App. Houston 1st

Dist. 1981, writ ref'd n.r.e.), the court ruled that):

In a case involving loans not evidenced by writings the court recognized the general rule that money payable upon demand is payable immediately and no demand is necessary to start the running of the Statute of Limitations. However, the court also recognized the general rule applicable where demand is an integral part of a cause [*897] of action, or a condition precedent to the right to sue. The court stated that parties to a contract should be permitted to make an agreement that the money loaned was not to become due until a demand was made, thereby making a demand a condition precedent to the accrual of the cause of action.

***It held that the demand must be made within a reasonable time, which depends upon the circumstances of each case, and ordinarily is a question of fact for the jury***. The court further stated that in the absence of mitigating circumstances, ***a time coincident with the running of the Statute will be deemed reasonable, and if the demand is not made within that period the action will be barred.*** *Foreman v. Graham,* 363 S.W.2d 371 (Tex.Civ.App.-Beaumont 1962, no writ); *Dunn v. Reliance Life and Accident Insurance Company of America,* 405 S.W. 2d 389 (Tex.Civ. App.-Corpus Christi 1966, writ ref'd n.r.e.).

19

*Gabriel,* supra, at 896-7 (emphasis added).

As noted above, even if a Note is payable on demand, the demand must be made in a reasonable time, depending on the circumstances of each case. ***Absent mitigating circumstances, demand is reasonable if made within the period of limitations.*** *Martin v. Ford*, 853 S.W.2d 680, 682 (Tex. App. Texarkana 1993), *Barnes v. LPP Mortg., Ltd.,* 358 S.W.3d 301, 303 (Tex. App. Dallas 2011), *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 3 (Tex. App. Dallas 1994).

Joseph Lella loaned $30,000.00 to his nephew Richard Crawford and Crawford's partner Kenneth Hardin in 1996. As early as 1999, but no later than 2004, the Second Promissory Note to his wife effectively replaced the First Promissory Note to Joseph Lella. The Crawford-Hardin partnership, and later Richard Crawford as a sole proprietor, paid interest to Elisabeth Lella consistent with the Second Promissory Note and later the Third Promissory Note. Joseph Lella received **no** payment of any nature after 2003 yet did not make demand until 2013, a delay of ten years. That is an unreasonable delay in the making of the demand as a matter of law.

Lella does not deny that the interest payments were made to his wife. In fact he confirms it in his Reply to Defendant's Response to Summary Judgment: "Defendant's position that this is a demand note, (that is, one that is due upon demand) and that Plaintiff should have demanded it 11 years ago in 2003, when he

and his partners *began making interest payment at a reduced level to Plaintiff's wife*, thus barring this claim by limitations." (C.R. 148) (emphasis added).

Lella defends his inaction by saying that "Plaintiff did not make formal demand earlier "in an attempt to help (his) niece's husband in his business." (C.R. 148). Lella attempts to excuses this forbearance with the statement "A party can waive contractual provisions for his own benefit. *Joiner v. Elrod*, 716 S.W.2d 606, 609 (Tex. App.- Corpus Christi 1986, no pet.)." In Joiner, the real estate buyer Elrod, through a Trustee, offered to buy real estate owned by Joiner. A written offer was sent to Joiner with a deadline by which the offer expired. Joiner accepted the offer after the deadline and mailed the contract to Elrod but later that day sent a telegram revoking that consent. Elrod sued for specific performance.

The above quote needs to be placed in context as a few lines later the *Joiner* court said:

> Moreover, a party can waive provisions for his benefit. As notification of acceptance is required for the benefit of the person who makes the offer, the person who makes the offer may dispense with notice to himself. If the offeror intimates a particular mode of acceptance is sufficient to make the bargain binding, it is only necessary that the offeree follow the indicated method of acceptance. *Joiner*, supra, at 609.

*Joiner* can be distinguished from the instant case because Hardin and Crawford acted in reliance on the Second and Third Promissory Notes, paying interest to Elizabeth Lella, not Joseph Lella, and paying a lower rate of interest. Additionally,

21

the timing was a minor matter in the *Joiner* transaction for which agreement was readily made. Lella attempts to waive 10 years of continued effort by Hardin and then Crawford. Lella's attempted waiver is not only for his own benefit and should be disregarded.

In the alternative, if the claim on the First Promissory Note is not barred by limitations as a matter of law, a fact issue precluding summary judgment exists as to the day the cause of action accrued as Lella unreasonably delayed making demand for payment of the First Promissory Note. When a cause of action accrues is uniquely a fact issue. At a minimum, Appellant raised a fact issue as to whether Lella's cause of action accrued more than four years before the date of suit.

**Issue Number Three**

**3.** **The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note.**

Appellant raised novation as a fact issue precluding summary judgment in his Response to Motion for Summary Judgment. Appellant supported his Response with competent summary judgment evidence establishing that the Second Promissory Note and Third Promissory Note were given in replacement of the First Promissory Note. As a result, there was a fact issue as to whether novation applied and summary judgment was improper.

Novation is the creation of a new obligation in place of an old one. Under the novation, the parties may agree that a new obligor is substituted to perform the duties agreed on in the old contract and the original obligor is released from performing those duties. *Vandeventer v. All American Life & Casualty Co.,* 101 S.W.3d 703, 712 (Tex. App.--Fort Worth 2003, no pet.).

In *CTTI Priesmeyer, Inc. v. K&O Ltd. Partnership*, 164 S.W.3d 675, 680-681 (Tex. App. Austin 2005, no pet.) this Court discussed novation of a construction contract between the Contractor CTTI Priesmeyer and the Owner K&O Ltd. Partnership. K&O complained of cracks in the slab of a commercial building and through a Repair Agreement undertook the repair of a test area. The full repairs were never completed and K&O sued CTTI. CTTI argued that the Repair Agreement was a novation of the construction contract and the Court analyzed the novation:

> Thus, CTTI had the burden to prove (1) the validity of the previous obligation; (2) an agreement among all parties to accept a new contract; (3) the extinguishment of the previous obligation; and (4) the validity of the new agreement. *Vickery v. Vickery*, 999 S.W.2d 342, 356, (Tex. 1999); *Fulcrum Central v. Autotester, Inc.,* 102 S.W.3d 274, 277 (Tex. App.--Dallas 2003, no pet.). A court may infer that a new agreement is a novation of an earlier agreement when the new agreement is so inconsistent with the earlier agreement that the two agreements cannot subsist together. *Fulcrum Central*, 102 S.W.3d at 277; *Scalise v. McCallum*, 700 S.W.2d 682, 684 (Tex. App.--Dallas 1985, writ ref'd n.r.e).

Where there are no inconsistent provisions, "a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall [**10] be substituted for, and operate as a discharge of, the obligations of the first." *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 424 (1953). A new agreement can establish novation as a matter of law when the state of the evidence is such that reasonable minds cannot differ as to its effect. Id. Whether a later agreement works a novation of an earlier one is a question of intent. *Allstate Ins. Co. v. Clarke*, 471 S.W.2d 901, 907 (Tex. Civ. App.-- Houston [1st Dist.] 1971, writ ref'd n.r.e.). The intent must be clear; novation is never presumed. Id.
*CTTI*, supra, at 680-681.

A jury found that CTTI and K&O did not intend that the Repair Agreement should replace the Construction Contract so the Court determined that CTTI could not prove novation as a matter of law. In contrast, the evidence in this case shows that the Lellas did in fact intend to replace the First Promissory Note as shown by the decade that Elizabeth Lella accepted payments without complaint from Joseph Lella. Crawford and Hardin demonstrated their intent by making payments according to the terms of the new instruments.

**Issue Number Four**

**4.     The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note creates a fact issue on the novation element of consent.**

24

As noted above, the actions of the parties in exchanging and performing upon the Three Promissory Notes creates a fact issue as to whether they intended to substitute the Second Promissory Note for the First Promissory Note.

The consent to substitute a new obligor and release the original obligor may be express or implied. *Vandeventer v. All American Life & Cas. Co.,* 101 S.W.3d 703, 712-713 (Tex. App.--Fort Worth 2003, no pet.). In the absence of an express agreement, whether a new contract operates as a novation of an earlier contract is usually a question of fact. It becomes a question of law only if the evidence would not cause reasonable minds to differ as to its effect. *CTTI Priesmeyer v. K & O Ltd. Partnership*, 164 S.W.3d 675, 680-681 (Tex. App.--Austin 2005, no pet.).

The Three Promissory Notes and related correspondence (C.R. 50-55, 83) show that Hardin and Lella intended for the Second Promissory Note to replace the First Promissory Note. Hardin's affidavit (C.R. 125) stated that Joseph Lella agreed, and in fact asked, that his wife Elisabeth be the payee on the Second Promissory Note(s) and that interest payments be directed to her. Even without this testimony from Hardin, the actions (and lack of action) of the Lellas speak loudly to this outcome.

Lella himself agreed that the earlier obligation be replaced by the later. The language of the Second Promissory Note is identical to the First Promissory Note with the only difference being the Payee is Elizabeth Lella, not Joseph Lella and

25

the interest rate is 7%, not 10%. The makers of the Second Promissory Note are Kenneth Hardin and Richard Crawford, the same as the First Promissory Note and the balance is the same. Thus, if the First Promissory Note is a valid obligation, the Second Promissory Note is also a valid obligation.

The Appellee Joseph Lella argues that the Second Promissory Note and the Third Promissory Note are ineffectual modifications of the First Promissory Note, leaving Kenneth Hardin liable for Richard Crawford's nonpayment of the Promissory Note. Alternatively, the First Promissory Note was modified and/or replaced by novation by the Second Promissory Note and later the Third Promissory Note.

Joseph Lella was aware of the Second Promissory Note and accepted the benefit of the changes, while failing to protest for over 10 years.

**Issue Number Five**

**5. The trial court erred in granting the Motion for Summary Judgment because the trial court abused its discretion by excluding Hardin's evidence of the affirmative defenses of novation, modification and ratification.**

Lella objected to Hardin's defenses of novation and ratification because they were not specifically included in Disclosure Responses. The Trial court granted

Lella's objection to the novation, modification and ratification defenses and ruled that "So I don't believe – I will not allow the evidence to be done with regard to those. You (Hardin) can raise them as defenses but no evidence associated with them because they failed to be disclosed. The whole thing with that has to do with notice. You have to be able to know what it is you are supposed to be objecting to." (Record p. 9:21-10). This ruling is not clear as to whether it excluded Hardin's summary judgment evidence or ALL summary judgement evidence, including the considerable evidence offered by Lella that supported the novation defense. Given that Lella himself raised the issue, the ruling is an abuse of discretion and should be reversed.

In *National Family Care Life Ins. v. Fletcher*, 57 SW3d 662, 668 (Tex. App. – Beaumont 2001, pet denied) the appeals court overruled the trial court's exclusion of evidence based upon a supposedly incomplete Tex. R. CIV. P. 194.2(c) disclosure response:

> We believe the trial court based its decision to restrict appellants' cross-examination on an overly restrictive interpretation of appellants' response to the request for disclosure. The governing rule, Tex. R. CIV. P. 194.2(c), provides that a party may request, among other things, "the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial)[.]" We do not view appellants' response -- which moves from their general denial of termination, to their defensive theory, to specific evidence pertaining to that theory -- as permitting the trial court to restrict cross-

27

examination to the incident with Ford and Fletcher's refusal to apologize to him.

The disclosure response encompassed more than the Ford incident, as is evidenced by the express references in appellants' response to two letters written by Sandra Erwin, the president and CEO of NFC, to Fletcher's supervisor and to Fletcher herself. Also included in appellants' response to the disclosure request was a list of persons with knowledge of relevant facts. Appellants named Ford as one of those persons and described his knowledge of relevant facts as follows:

> Mr. Ford is a customer of [NFC] who wrote a letter of complaint concerning several items, including Ms. Fletcher rewriting his policies and insulting the office staff at [NFC].
>
> ****
>
> We conclude that appellants' response, when read in the context of the content of the letters referenced in the response, as well as appellants' description of the relevant facts known by Ford, was clearly adequate to put Fletcher on notice of appellants' legal theory, as well as the factual bases of that theory. To the extent that the trial court limited cross-examination because of appellants' response to the request for disclosure, the trial court erred. Appellants were not required to marshal all their evidence in responding to this discovery tool, whose purpose is to obtain early disclosure of basic information.

*National Family Care Life*, supra at 668-669.

The Disclosure Response, while referring to additional pleadings and discovery, gave sufficient notice to Lella of Hardin's defenses. Lella was not surprised by the defenses, and in fact, was well prepared for them.

Hardin properly disclosed his novation and ratification defense in his Response to Request for Disclosure in that:

28

a. Hardin's Response to Request for Disclosure stated:

Defendant would refer Plaintiff to its most recent pleadings on file herein, its responses to any and all discovery requests herein including, but not limited to, requests for disclosure, requests for production and inspection of documents and tangible things, requests and motions for entry upon and examination of real property, interrogatories to a party, requests for admission, oral or written depositions; and motions for mental or physical examinations, all of which are incorporated herein the same as if fully copied and set forth at length. The Plaintiff's claims are barred by limitation, waiver and/or laches.
(C.R. 71)

b. Hardin's Original Answer and Third Party Complaint stated:

If valid, the Promissory Note claimed by Plaintiff was a debt assumed by Crawford pursuant to this provision. Crawford was to retire the Lella debt and/or replace the Lella note with a new note obligating only Crawford. It is not known whether Crawford did so.
(C.R. 18)

c. Lella attached Exhibits that evidenced the amended Notes, the intent of the parties, and the acquiescence to the amended terms by the Lellas; (C.R. 50-55)

d. Lella was not surprised by the novation/reformation argument. To the contrary, Lella's Motion for Summary Judgment anticipated the affirmative defense of novation and modification. (C.R. 37 paragraph 19)

e. Joseph Lella offered his affidavit to pre-emptively rebut the novation defense:

There were no notes between Americus Diamond and Elisabeth Lella for Exhibit 6 to replace or invalidate. I never agreed to the amendments or modifications to Exhibit 1 as proposed in Exhibits 5 and 6, and no new or additional consideration for such amendments or modifications was ever tendered to me or accepted by me. I certainly did not agree to remove Defendant Hardin for his personal liability for Exhibit 1, nor for him to remove himself, nor to release him form any such liability. No new or additional consideration for doing so was ever tendered to me or accepted by me.

(C.R. 47)

f. Richard Crawford introduced the June 30, 2006 Promissory Note (Exhibit A-6 with a cover letter that stated: "I hope you are (ya'll) both doing well. This new note is showing that I bought my partner Kenny out (yea!!). Also I've raised your interest to 8%." (C.R. 54)

Thus, it was an abuse of discretion to exclude any evidence from Hardin on the affirmative defenses of novation or ratification and the summary judgment must be reversed.

The court erred by granting the motion for summary judgment because the affidavits of Joseph and Elisabeth Lella stated a mere legal conclusion and did not provide any summary-judgment evidence. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Life Ins. Co. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381-82 (Tex. 1978); *801 Nolana, Inc. v. RTC Mortgage Trust*, 944 S.W.2d 751, 754 (Tex. App.—Corpus Christi 1997, writ denied). Specifically, Lella offered his affidavit, (C.R. 47) that he did not agree to any change to the First Promissory

30

Note.  The actions of the parties, indeed even his own summary judgment evidence, contradicts that statement and should be disregarded as a legal conclusion.

The court erred by granting the summary judgment based on the affidavits of Joseph and Elisabeth Lella because the affidavit is not the best evidence of the contents of the Promissory Notes. (C.R. 50-55). *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984). The Promissory Notes speak for themselves, and the silence of the Lellas in failing to complain about the Second Promissory Note and Third Promissory Note speak more loudly than an affidavit with legal conclusions.

## Issue Number Six

**6.    The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for unjust enrichment and quantum meruit are barred by the existence of an express contract.**

Joseph Lella sought recovery on the First Promissory Note, a valid contract as well as unjust enrichment, "Pleading in the alternative, Plaintiff would show that he is entitled to recovery of all principal and unpaid interest under the theory of unjust enrichment."  (C.R. 26)   In his summary judgment motion, Lella stated: "Defendant sought the money from Plaintiff.  Defendant received the money from Plaintiff.  Defendant used and benefitted from that money.  Unjust enrichment has been established conclusively." (C.R. 36).

If a valid express contract covering the subject matter exists, there generally can be no recovery on a contract implied in law. In *Fortune Production Co. v. Conoco, Inc.* 52 S.W. 3d 671, 683-685 (Tex. 2000), a cause of action for **unjust enrichment** was not available to recover payments in addition to the contract price agreed on by parties. The recovery on an express contract and on quantum meruit are inconsistent with each other. *Woodward v Southwest States, Inc.* 384 S.W. 2d 674, 675 (Tex. 1964). The evidence shows that Lella advanced money documented by the First Promissory Note. There was no other advance of money by Lella, especially one not evidenced in writing as the First Promissory Note.

Lella advanced the money in 1996 and received interest pursuant to the First Promissory Note through 2003. Unjust enrichment claims are governed by the two-year statute of limitations in *Tex. Civ. Prac. Rem. Code* §16.003. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007). As noted in Issue Number One, Lella's cause of action accrued no later than January 2004. Thus, the limitations period expired in January 2006, more than 7 years before he made this claim. As a result, the trial court's summary judgment on unjust enrichment must be reversed.

**Issue Number Seven**

**7.     The trial court erred in granting the Motion for Summary Judgment because The Appellee Joseph Lella's claim for Declaratory Judgment is**

**duplicative of the above issues and the Trial Court made no specific declaration in the Final Judgment.**

The declaration (of a declaratory judgment) may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree. *Tex. Civ. Prac. Rem. Code* §37.003(b). The Lella trial court made no declaratory finding in its Summary Judgment Order (C.R. 153), only stating: "The Court, after considering the Motion, Defendant's Response, Plaintiffs' Reply to Defendant's Response and argument of counsel, find that such Motion should be and hereby is GRANTED."

In *Aurora Petroleum, Inc. v. Newton,* 287 S.W.3d 373, (Tex. App. Amarillo 2009) the trial court entered a take nothing judgment which did not mention the declaratory judgment. The court found the omission of declaratory language combined with the Take Nothing judgment to be a denial of the requested for a declaratory judgment relief. The failure to make a declaration is a denial of Lella's requested relief. Without such an affirmative or negative declaration, there is no declaratory judgment to appeal.

In his First Amended Petition (C.R. 26), Lella asked, alternative to his other claims, for a Declaratory Judgment: "Plaintiff requests the Court to determine the parties respective rights and liabilities under the terms of Exhibits [sic] 1." Exhibit

1 was the First Promissory Note.  Yet Lella exceeded that simple pleading in his

Motion for Summary Judgment:

> Plaintiff seeks declarations that the terms of the Note as signed are enforceable against Defendant; ***that the several unilateral attempts by Defendant and Crawford to modify them were ineffectual and not supported by consideration***; and that Plaintiff is entitled to payment from Defendant of the total amount of principal and unpaid interest. (Plaintiff only seeks interest at the rate of 10% per annum from January 1, 2012 until paid.)  The Court has before it all that is needed to make those declarations of rights and liabilities.
> Lella Motion for Summary Judgment (C.R. 37)  (emphasis added)

By asking the trial court to declare "that the several unilateral attempts by

Defendant and Crawford to modify them were ineffectual and not supported by

consideration," Lella effectively asked the Court to declare the Second Promissory

Note and Third Promissory Note as invalid.  This request is problematic for two

reasons:

a)      In a declaratory judgment action, all persons who have or who claim any interest that would be affected by the declaration sought must be made parties. *Tex. Civ. Prac. Rem. Code* §37.006(a); Lella's wife Elizabeth Lella is  the payee of the Second and Third Promissory Notes so she had an interest in the proceeding that would be affected by any declaration.  Without Elizabeth as a party the court had no jurisdiction;

b) The requested summary judgment relief, is an attempt to declare that there was no novation of the First Promissory Note. The burden of proof rests on the party who wants active relief from the court, which is usually the party who commenced the action *Pace Corp. v. Jackson*, 284 S.W.2d 340, 350 (1955); *Lede v. Aycock,* 630 S.W.2d 669, 673 (Tex. App.--Houston [14th Dist.] 1981, writ ref'd n.r.e.).

c) The Declaratory Judgment is subject to the same limitations period as the underlying facts, otherwise the cause of action would be become the safe haven for all time barred claims.

Assuming the Court of Appeals determines that the trial court granted declaratory relief, which is omitted from the trial court's judgment, the requested declaratory relief fails because the Court's order is not clear;  the relief requested in the Motion for Summary Judgment exceeds the pleading relief requested in the First Amended Petition;  the Appellee failed to bring all affected parties before the court, namely Elizabeth Lella; and Joseph Lella failed to meet its burden of proof on his effort to declare any novation as invalid.

## VII. CONCLUSION AND REQUEST FOR RELIEF

In 2003, if not earlier, Lella asked that interest on the First Promissory Note be paid to his wife Elizabeth. Hardin and his partner Richard A. Crawford accommodated this request by preparing, signing, and forwarding the Second Promissory Note to Joseph and Elizabeth Lella and paying the required interest to her. Joseph Lella did not object to this change until he made demand in 2013, almost a decade later. Lella's breach of contract claim on the First Promissory Note is barred by the statute of limitations as he unreasonably delayed his demand for payment.

The claim for relief under the theory of unjust enrichment is invalid because the existence of the First Promissory Note, a valid existing contract, precludes recovery on the theory of unjust enrichment and as with the claim for breach of contract, is barred by limitations. Finally, the request for declaratory relief is not supported by either pleadings or an order so that no relief should be granted.

For these reasons, Kenneth M. Hardin, Appellant, requests that this court reverse and remand this matter to the trial court. Hardin also requests any other relief to which he may be entitled.

Respectfully Submitted,

_/s/ ***Mark L. Aschermann***_____
Mark L. Aschermann
SBN 01368700
BARRON & NEWBURGER, PC
6300 West Loop South, Suite 341
Bellaire, Texas 77401
Telephone (713) 942-0808
Facsimile (713) 942-0449
maschermann@bn-lawyers.com

*ATTORNEYS FOR APPELLANT*

## CERTIFICATE OF COMPLIANCE

I certify , according to the word count feature of the Word program used to create this Brief, this Brief contains a total of 7,070 words in pages numbered 5 through 35.

_/s/ ***Mark L. Aschermann***_____
Mark L. Aschermann

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of March, 2015, a true and correct copy of the foregoing document was served on the parties listed below at the address and in the manner indicated.

William M. Nichols
WILLIAM M. NICHOLS, P.C.
9601 McAllister Freeway, Suite 1250
San Antonio, Texas 78216-5150
***Via Facsimile to (210) 340-8885***

_/s/ ***Mark L. Aschermann***_____
Mark L. Aschermann

No. 03-14-00607-cv

IN THE COURT OF APPEALS FOR
THE THIRD DISTRICT OF TEXAS AT AUSTIN

KENNETH M. HARDIN,
*Appellant*

vs.

JOSEPH LELLA,
*Appellee*

**APPELLANT'S APPENDIX**

<u>NECESSARY DOCUMENTS</u>

1. FINAL SUMMARY JUDGMENT signed June 26, 2014. . . . . . . . . . . . . . . . . . . . 2
   Record, p. 153

2. FINDINGS OF FACT and VERDICT (*none*). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3. TEXAS RULES OF CIVIL PROCEDURE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   Tex. R. CIV. P. 194.2

4. TEXAS CIVIL PRACTICE AND REMEDIES CODE. . . . . . . . . . . . . . . . . . . . . . 12
   *Tex. Civ. Prac. Rem. Code* §16.003
   *Tex. Civ. Prac. Rem. Code* §16.004

<u>OPTIONAL CONTENTS</u>

5. FIRST PROMISSORY NOTE dated September 5, 1996. . . . . . . . . . . . . . . . . . . . 15
   Record, p. 50

6. SECOND PROMISSORY NOTE dated July 1, 2003. . . . . . . . . . . . . . . . . . . . . . .17
   Record, p. 53

7. THIRD PROMISSORY NOTE dated June 30, 2006. . . . . . . . . . . . . . . . . . . . . . . 19
   Record, p. 55

DOCUMENT 1

FINAL SUMMARY JUDGMENT
signed June 26, 2014
Record, p. 153

| | | |
|---|---|---|
| JOSEPH LELLA,<br>Plaintiff | §<br>§<br>§ | IN THE COUNTY COURT |
| vs. | §<br>§ | AT LAW NUMBER 2 |
| KENNETH M. HARDIN,<br>Defendant | §<br>§<br>§ | |
| vs. | §<br>§ | |
| VIVIAN CRAWFORD,<br>Third Party Defendant | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## SUMMARY JUDGMENT

1.     On the 12th day of May, 2014, the Court considered Plaintiff's Motion for Summary Judgment. Plaintiff and Defendant appeared by and through their attorneys of record. Third Party Defendant did not appear. The Court, after considering the Motion, Defendant's Response, Plaintiffs' Reply to Defendant's Response and argument of counsel, finds that such Motion should be and hereby is GRANTED.

2.     It is, therefore, ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment for damages over and against Defendant in the amount of $30,000.00 (THIRTY THOUSAND and NO/100 DOLLARS.)

3.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for pre-judgment interest on the amount awarded as damages from January 1, 2012 through May 31, 2014 in the amount of $6561.23 (SIX THOUSAND FIVE HUNDRED SIXTY-ONE and 23/100 DOLLARS.)

4.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for costs of court incurred herein in the amount of $417.80 (FOUR HUNDRED

SEVENTEEN and 80/100 DOLLARS).

5.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for attorney's fees through hearing on Motion for Summary Judgment in the amount of $12,265.75 (TWELVE THOUSAND TWO HUNDRED SIXTY-FIVE and 75/100 DOLLARS).

6.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for attorney's fees in the event of appeal of this Judgment in the Texas Court of Appeals in the amount of $4,670.00 (FOUR THOUSAND SIX HUNDRED SEVENTY and NO/100 DOLLARS).

7.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for attorney's fees in the event of appeal of this Judgment in the Texas Supreme Court in the amount of $3,170.00 (THREE THOUSAND ONE HUNDRED SEVENTY and NO/100 DOLLARS).

8.     It is further ORDERED, ADJUDGED and DECREED that Plaintiff have Judgment over and against Defendant for attorney's fees in the event that petition for review is granted by the Texas Supreme Court Texas Supreme Court in the amount of $4,500.00 (FOUR THOUSAND FIVE HUNDRED and NO/100 DOLLARS).

9.     It is further ORDERED, ADJUDGED and DECREED that the total amount awarded herein for damages and pre-judgment interest, $36,561.23 (THIRTY-SIX THOUSAND FIVE HUNDRED SIXTY-ONE and 23/100 DOLLARS), shall bear interest at the rate of ten percent (10%) per annum, compounded annually, from the date of judgment until paid. It is further ORDERED, ADJUDGED and DECREED that the total amount awarded herein for court costs, and attorney's fee through hearing on Motion for Summary Judgment, $12,683.55 (TWELVE THOUSAND SIX HUNDRED

EIGHTY-THREE and 55/100 DOLLARS), shall bear interest at the rate of five percent (5%) per annum, compounded annually, from the date of judgment until paid. The total amount awarded herein for attorney's fees in the event of appeal of this Judgment in the Texas Court of Appeals, $4,670.00 (FOUR THOUSAND SIX HUNDRED SEVENTY and NO/100 DOLLARS), shall bear interest at the rate of five percent (5%) per annum, compounded annually, from the date a judgment of the Texas Court of Appeals is final until paid. The amount awarded herein for attorney's fees in the event of appeal of this Judgment in the Texas Supreme Court, $3,170.00 (THREE THOUSAND ONE HUNDRED SEVENTY and NO/100 DOLLARS), shall bear interest at the rate of five percent (5%) per annum, compounded annually, from the date an order is issued by the Texas Supreme Court ruling on petition for review until paid. The amount awarded herein for attorney's fees in the event that petition for review is granted by the Texas Supreme Court, $4,500.00 (FOUR THOUSAND FIVE HUNDRED and NO/100 DOLLARS), shall bear interest at the rate of five percent (5%) per annum, compounded annually, from the date a judgment of the Texas Supreme Court becomes final until paid.

10.     It is further ORDERED, ADJUDGED and DECREED that execution shall issue for all amounts awarded herein if not timely paid.

Signed this 26th day of June, 2014.

_____
JUDGE PRESIDING
ERIC M. SHEPPERD

Judgment
Page 3

5

APPROVED AS TO FORM ONLY:

WILLIAM M. NICHOLS, P.C.
McAllister Plaza, suite 1250
9601 McAllister Freeway
San Antonio, Texas 78216-5150
Telephone: 210/340-8880
Facsimile: 210/340-8885

By:_____
William M. Nichols
State Bar No. 15000680
ATTORNEY FOR PLAINTIFF

BARRON & NEWBURGER, PC
6300 West Loop South, Suite 341
Bellaire, Texas 77401
Telephone: 713/942-0808
Facsimile: 713/942-0449


By:_____
Mark L. Aschermann
State Bar No. 01368700
ATTORNEYS FOR DEFENDANT

DOCUMENT 2

FINDINGS OF FACT and VERDICT

There were no findings of facts or verdicts made by the trial court in this matter.

DOCUMENT 3

TEXAS RULES OF CIVIL PROCEDURE
Tex. R. CIV. P. 194

Tex. R. Civ. P. 194 (2015)

Rule 194 Requests for Disclosure

194.1. *Request.* --A party may obtain disclosure from another party of the information or material listed in Rule 194.2 by serving the other party - no later than 30 days before the end of any applicable discovery period - the following request: "Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule [state rule, *e.g.*, 194.2, or 194.2(a), (c), and (f), or 194.2(d) - (g)]."

194.2. *Content.* --A party may request disclosure of any or all of the following:
   (a) the correct names of the parties to the lawsuit;
   (b) the name, address, and telephone number of any potential parties;
   (c) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);
   (d) the amount and any method of calculating economic damages;
   (e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
   (f) for any testifying expert:
     (1) the expert's name, address, and telephone number;
     (2) the subject matter on which the expert will testify;
     (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
     (4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
        (B) the expert's current resume and bibliography;
   (g) any indemnity and insuring agreements described in Rule 192.3(f);
   (h) any settlement agreements described in Rule 192.3(g);
   (i) any witness statements described in Rule 192.3(h);
   (j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably

10

related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(*l*) the name, address, and telephone number of any person who may be designated as a responsible third party.

194.3. *Response.* --The responding party must serve a written response on the requesting party within 30 days after service of the request, except that:

(a) a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request, and

(b) a response to a request under Rule 194.2(f) is governed by Rule 195.

194.4. *Production.* --Copies of documents and other tangible items ordinarily must be served with the response. But if the responsive documents are voluminous, the response must state a reasonable time and place for the production of documents. The responding party must produce the documents at the time and place stated, unless otherwise agreed by the parties or ordered by the court, and must provide the requesting party a reasonable opportunity to inspect them.

194.5. *No Objection or Assertion of Work Product.* --No objection or assertion of work product is permitted to a request under this rule.

194.6. *Certain Responses Not Admissible.* --A response to requests under Rule 194.2(c) and (d) that has been changed by an amended or supplemental response is not admissible and may not be used for impeachment.

DOCUMENT 4

TEXAS CIVIL PRACTICE AND REMEDIES CODE
*Tex. Civ. Prac. Rem. Code* §16.003
*Tex. Civ. Prac. Rem. Code* §16.004

Texas Civil Practice and Remedies Code

Sec. 16.003.  TWO-YEAR LIMITATIONS PERIOD.
(a)  Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.
(b)  A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death.  The cause of action accrues on the death of the injured person.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1995, 74th Leg., ch. 739, Sec. 2, eff. June 15, 1995;  Acts 1997, 75th Leg., ch. 26, Sec. 2, eff. May 1, 1997.
Amended by:
Acts 2005, 79th Leg., Ch. 97 (S.B. 15), Sec. 3, eff. September 1, 2005.

Texas Civil Practices and Remedies Code

Sec. 16.004.  FOUR-YEAR LIMITATIONS PERIOD.
(a)  A person must bring suit on the following actions not later than four years after the day the cause of action accrues:
> (1)  specific performance of a contract for the conveyance of real property;
> (2)  penalty or damages on the penal clause of a bond to convey real property;
> (3)  debt;
> (4)  fraud;  or
> (5)  breach of fiduciary duty.

(b)  A person must bring suit on the bond of an executor, administrator, or guardian not later than four years after the day of the death, resignation, removal, or discharge of the executor, administrator, or guardian.
(c)  A person must bring suit against his partner for a settlement of partnership accounts, and must bring an action on an open or stated account, or on a mutual and current account concerning the trade of merchandise between merchants or their agents or factors, not later than four years after the day that the cause of action accrues.  For purposes of this subsection, the cause of action accrues on the day that the dealings in which the parties were interested together cease.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1999, 76th Leg., ch. 950, Sec. 1, eff. Aug. 30, 1999.

DOCUMENT 5

FIRST PROMISSORY NOTE
dated September 5, 1996
Record, p. 50

## PROMISSORY NOTE

FOR VALUE RECEIVED, The undersigned, Americus Diamond of Austin, Texas, Richard A. Crawford and Kenneth M. Hardin, each as principle, jointly and severally, promise to pay to the order of: _Joseph Lella_
the sum of: _thirty thousand + °°/100 dollars_ ($30,000.°° — U.S.)
with interest thereon from the date of the execution of this NOTE at the rate of _10%_ per annum as follows:

1. The initial loan shall be for a minimum period of six months, thereafter payment of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing, sixty days prior to expected date of receipt thereof, to the undersigned at the address herein below.

2. Principal and interest are guaranteed by the assets of Americus Diamond of Austin, Texas and the personal assets of Richard A. Crawford and Kenneth M. Hardin.

3. The purpose of this NOTE is to finance the inventory of Americus Diamond. The total amount of outstanding NOTES will not exceed the total value of the inventory of Americus Diamond of Austin, Texas.

DATE: _9-5-96_

_[signature]_

RICHARD A. CRAWFORD
9010 N.  I.H. 35 suite 101
Austin, Texas 78753

_[signature]_

KENNETH M. HARDIN
9010 N.  I.H. 35 suite 101
Austin, Texas 78753

16

DOCUMENT 6

SECOND PROMISSORY NOTE
dated July 1, 2003
Record, p. 53

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, Americus Diamond of Austin, Texas, Richard A. Crawford and Kenneth M. Hardin, each as principle, jointly and severally, promise to pay to the order of: _Elisabeth Lella_ the sum of: _thirty thousand and °⁰/₁₀₀ dollars ($30,000.⁰⁰)_ with interest thereon from the date of the execution of this NOTE at the rate of _7_ % per annum as follows:

1. The initial loan shall be for a minimum period of six months, thereafter payment of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing, sixty days prior to expected date of receipt thereof, to the undersigned at the address herein below.

2. Principal and interest are guaranteed by the assets of Americus Diamond of Austin, Texas, and the personal assets of Richard A. Crawford and Kenneth M. Hardin.

3. The purpose of this NOTE is to finance the inventory of Americus Diamond. The total amount of outstanding NOTES will not exceed the total value of the inventory of Americus Diamond of Austin, Texas.

4. This NOTE replaces and invalidates all previous NOTES between Americus Diamond and _Elisabeth Lella_ .

DATE: _7-1-03_

RICHARD A. CRAWFORD                KENNETH M. HARDIN

18

DOCUMENT 7

THIRD PROMISSORY NOTE
dated June 30, 2006
Record, p. 55

# AUSTIN AMERICUS DIAMOND
6406 N. IH- 35    SUITE 2600
AUSTIN, TEXAS    78752

## *PROMISSORY NOTE*

FOR VALUE RECEIVED, the undersigned, AUSTIN AMERICUS

DIAMOND, Austin, Texas, Richard A. Crawford promises to pay

To the order of: _Elizabeth N. Lella_ the sum of:

√ _$30,000.⁰⁰_ _Thirty thousand dollars_

with interest thereon from the date of the execution of this NOTE at
the rate of __8__ % per annum as follows:

- (1.)  The initial loan shall be for a minimum period of six months, there after payment of the entire balance plus any unpaid interest compounded monthly, is due upon demand in writing, sixty days prior to the expected date of receipt thereof, to the undersigned at the address herein above.
- (2.)  Principal and interest are guaranteed by the assets of Richard A. Crawford.
- (3.)  The purpose of this NOTE to finance the inventory of Austin Americus Diamond. The total amount of outstanding NOTES will not exceed the total value of the inventory of Austin Americus Diamond of Austin, Texas.
- (4.)  This NOTE replaces and invalidates all previous NOTES between AMERICUS DIAMOND and:

_Elizabeth N. Lella_

_A. Ch_        Date: _6-30-2006_

RICHARD A. CRAWFORD

20